BURNS INTERNATIONAL SECURITY SERVICES, INC. and Burns Integrated Systems Corporation, Plaintiffs,

v.

BBC BROWN BOVERI CO., INC., Brown Boveri Corporation, Brown Boveri Building Automation, Inc., and Brown Boveri Compuguard Corporation, Defendants.

No. 81 Civ. 5626 (LBS).

United States District Court, S. D. New York.

March 23, 1982.

Rogers & Wells, Roger A. Clark, Thomas A. Shoesmith, David J. Gilberg, New York City, for plaintiffs.

Reboul, MacMurray, Hewitt, Maynard & Kristol, J. Joseph Bainton, William I. Sussman, New York City, and Eckert, Seamans, Cherin & Mellot, David E. Tungate, Ray Cooley Stoner, Michael R. Borasky, Pittsburgh, Pa., for defendants.

## OPINION

SAND, District Judge.

This action was originally brought on August 12, 1981 in Supreme Court, New York County, and was removed to this Court. Plaintiffs have moved to remand on the grounds that there is not complete diversity of citizenship between plaintiffs and defendants. No other grounds for federal jurisdiction are present. Crucial to the determination of this motion is the status of BBC Brown Boveri Co., Inc. ("Boveri"), named as a defendant in the complaint filed in the state court. Both plaintiffs are citizens of the State of New York as is Boveri and if the complaint alleged a cause of action against Boveri, no matter how sketchily or inartfully pleaded (*Bouchard Transportation Co. Inc. v. New Hampshire Ins. Co.*, 78 Civ. 6057 (LBS), June 9, 1979) removal was improper. If, however, joinder of Boveri was fraudulent, as that term is used in this context (1A Moore's Federal Practice [2d ed.] ¶ 0.161[z]) the action was properly removed to this Court. *American Mutual Services Corp. v. United States Liability Ins. Co.*, 293 F.Supp. 1082 (E.D.N.Y. 1968).

The complaint, as filed in the state court, asserted five claims against the defendant Brown Boveri Compuguard Corporation ("Compuguard"): two claims for breach of contract and two for breach of warranty, arising out of Compuguard's alleged failure to fulfill agreements to supply · plaintiffs with software and equipment for use in computerized energy management systems at two projects undertaken by plaintiffs for the University of Texas; and one claim for fraudulent inducement of those agree-

ments. A sixth cause of action was asserted against Boveri as follows:

"52. Plaintiffs repeat and reallege paragraphs 1 through 51 above with the same force and effect as if fully set forth herein.

53. After its acquisition of Compuguard, Brown Boveri assumed responsibility and control over Compuguard's performance under the purchase orders described above, and repeatedly assured Burns that it would provide all the goods and services called for therein. Brown Boveri is therefore liable to Burns under Counts I through V above in the same manner and extent as is Compuguard."

Plaintiffs contend that they have a valid nonseparable claim against the Boveri complex[1] which they have more clearly expressed in a First Amended Verified Complaint, filed after removal to this Court, as follows:

"62. Upon information and belief, one or more of the Brown Boveri defendants on or about April 8, 1980 acquired a total of 100% of the stock of defendant Compuguard. Thereafter, the Brown Boveri defendants intervened in and assumed responsibility and control over Compuguard's performance under the purchase orders described above, thereby using and treating Compuguard as their mere instrumentality or alter ego."

Defendant, *citing Pullman Co. v. Jenkins*, 305 U.S. 534, 537–38, 59 S.Ct. 347, 348–49, 83 L.Ed. 334 (1939), vigorously resists any reliance upon the amended complaint, contending that the complaint in existence at the time of removal, rather than any subsequent amended complaint, determines the propriety of the removal. But this is a tempest in a teapot. This is not a case in which plaintiffs are relying on some changed circumstances or new post-removal theory or party. Plaintiffs contend that they have always intended to assert a cause of action against Boveri on an alter ego

1. It appears that both plaintiffs' and defendants' counsel experienced some confusion as to which of a number of related corporate entities was the "true parent" of Compuguard. Plain-

tiffs' Reply Memorandum, pp. 2–3. Plaintiffs assert that Boveri is properly a defendant and that its presence destroys diversity.

theory, that they, in fact, asserted such a claim against Boveri in their original complaint and that the amended complaint merely clarifies and amplifies their initial intent.[2]

In support of their claim that they have a valid cause of action against Boveri and that it was asserted in the original state court complaint, plaintiffs point to paragraph 33 of that complaint which was incorporated by reference in the sixth cause of action against Boveri, quoted *supra.* In that paragraph, plaintiffs allege that "throughout 1980, Compuguard repeatedly and continuously assured Burns that completion of all software required under the MDA purchase order was imminent." Plaintiffs assert that, in light of the fact that Boveri acquired 100% of Compuguard on or about April 8, 1980, and thereafter "assumed responsibility and control over Compuguard's performance" (Complaint, ¶ 43), it is apparent that a claim against Boveri on the alter ego theory more precisely articulated in the amended complaint was initially asserted.

■ We agree that plaintiffs asserted a cause of action against Boveri in the state court action and we perceive no basis for characterizing the joinder of that defendant as fraudulent. Defendants' assertion that the claim is deficient since it fails to allege reliance, the making of an agreement, consideration or guaranty misconceives the nature of plaintiffs' claim that by virtue of its dominance and control over its 100% owned subsidiary (Compuguard), the acts of that entity are chargeable to Boveri. Of course, the merits of that claim are not now before the Court. We determine solely that "there is a possibility that the plaintiff has stated a cause of action ... a merely defective

statement of the plaintiff's action [does not] warrant removal." *Bouchard Transportation Co. Inc. v. New Hampshire Ins. Co., supra,* at p. 3, *citing* Moore's Federal Practice.

■ Defendants alternatively contend that if a claim is deemed to have been stated against Boveri, the claims against Compuguard were "separate and independent" from that claim, justifying removal under 28 U.S.C. § 1441(c). We reject this contention, being of the opinion that here "there is a single wrong to the plaintiff, for which relief is sought, arising from an interlocked series of transactions." *American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951). The fact that the claim asserted against Boveri is alleged to commence as of its acquisition of control while the claim against Compuguard begins at an earlier date, does not alter the fact that the claim here relates to a series of transactions begun by one entity and then continued and carried on by the entity which thereafter controlled it. Surely, the claims against these two defendants arise out of "interlocking transactions" (to the extent to which they are not a single transaction) and are therefore nonseparable.

The motion to remand is granted.

The motion for costs is denied.

SO ORDERED.

---

**2.** *Goshen Litho, Inc. v. Fortune Marketing, Inc.,* 80 Civ. 1637 (LBS), June 2, 1980, cited by defendants in their Surreply Memorandum is inapposite. There a non-diverse defendant's name had been inserted in the state court complaint but the complaint contained no allegations as to him and, prior to removal, the court dismissed as to this defendant. Plaintiffs contended that it was their intention to amend the complaint to cure the deficiencies as to this defendant and this Court noted that "jurisdic-

tion is not based on a litigant's unimplemented 'intention,' but is decided by the pleadings served as of the time when the petition for removal was filed. *Pullman Co. v. Jenkins,* 305 U.S. 534 [59 S.Ct. 347, 83 L.Ed. 334]." Slip op. p. 2. Here, plaintiff contends that its initial intent was implemented and expressed in the removed complaint. *See Shaw v. Munford,* 526 F.Supp. 1209, pp. 1213–1214 (1981) (cases on post-removal amendment collected).