EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | Querella |
|---|---|
| In re: | 2001 TSPR 128 |
| Juan Javier Guadalupe Díaz Ramón A. Colón Aponte | 154 DPR _____ |

Número del Caso: CP-1997-1
                 CP-1997-10

Fecha: 19/septiembre/2001

Oficina del Procurador General :
                        Lcdo. Sigfredo Rodríguez Isaac
                        Procurador General Auxiliar

Abogados de Juan Javier Guadalupe Díaz:
                        Lcdo. José Antonio Soto Ríos
                        Lcdo. Luis A. Caraballo Álvarez

Abogado de Ramón A. Colón Aponte:
                        Lcdo. Luis E. Laguna Mimoso

Materia: Conducta Profesional

        Este documento constituye un documento oficial del Tribunal
        Supremo que está sujeto a los cambios y correcciones del proceso
        de compilación y publicación oficial de las decisiones del
        Tribunal. Su distribución electrónica se hace como un servicio
        público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

| | | |
|---|---|---|
| Juan Javier Guadalupe Díaz | CP-97-1 | Conducta |
| Ramón A. Colón Aponte | CP-97-10 | Profesional |

PER CURIAM

San Juan, Puerto Rico, a 19 de septiembre de 2001.

El señor Carmelo Carrasquillo Delgado, parte querellante, nació en el Municipio de Juncos, para el año 1946. Cursó estudios hasta el séptimo grado. Es albañil y carpintero. El señor Carrasquillo Delgado reside en el Barrio Lirios del referido municipio en una casa de su propiedad, que enclava en una finca perteneciente a la sucesión de Francisco Escolástico Delgado, su abuelo materno. No paga renta por el uso del terreno en que enclava su casa. En otra casa ubicada en la misma finca reside su padre, el señor Pedro Carrasquillo Morales, y una hermana del querellante, quien está incapacitada. Don Francisco Escolástico Delgado procreó cuatro (4) hijas de nombres Vicenta

Delgado Olmo (madre del querellante), Juana Delgado Olmo, Carmen Delgado Olmo, Asunción Delgado Olmo y un hijo de nombre Francisco Delgado. El caudal hereditario del abuelo materno del querellante no había sido dividido a la fecha de la vista ante el Comisionado Especial designado por este Tribunal. A esa fecha la única hija de su abuelo (tía suya) que estaba viva era Asunción. Todos los demás ya habían fallecido. Testificó que no recordaba quiénes eran los hijos de sus tías y de su tío, ya fallecidos. Declaró que no sabía quiénes eran la totalidad de los herederos de su abuelo materno.

Colindando con la finca propiedad de la sucesión de Francisco E. Delgado, hay otra finca que pertenece a la señora Higinia Peña Peña y que fuera objeto de un procedimiento de expediente de dominio tramitado ante el antiguo Tribunal Superior, Sala de Caguas, CS-85-346. El querellante, señor Carrasquillo Delgado, se enteró de que se estaba llevando a cabo el referido expediente de dominio por un edicto que apareció en el periódico El Vocero. Su padre, el señor Pedro Carrasquillo, y él fueron a la oficina del Fiscal de Distrito de Caguas y hablaron con el fiscal Arturo Betancourt para que le permitieran expresarse durante el procedimiento de expediente de dominio, pues afirmaban que el terreno objeto de tal procedimiento le pertenecía a la sucesión de su abuelo materno. La Oficina del Fiscal de Distrito presentó un escrito ante el Tribunal de Primera Instancia oponiéndose al expediente de dominio, en representación del señor Pedro Carrasquillo, quien surge del expediente de dicho Tribunal fue notificado con copia de la petición sobre información de dominio. La resolución dictada por el antiguo Tribunal Superior, Sala de Caguas, declarando con lugar la petición sobre información de dominio fue emitida el 14 de noviembre de 1985.

A mediados del mes de octubre de 1990, el señor Carmelo Jesús Carrasquillo Delgado visitó la oficina del licenciado Juan Javier Guadalupe Díaz, referido por la licenciada Ana González Cabrera. Para esa fecha, el licenciado Guadalupe Díaz llevaba admitido a la práctica de la profesión legal diez y ocho (18) meses. El motivo de esa visita era contratar sus servicios para impugnar judicialmente la resolución emitida en el

procedimiento de expediente de dominio seguido por la señora Higinia Peña Peña, pues éste alegaba que parte de ese terreno le pertenecía a la sucesión de su abuelo materno. Afirmaba, además, que la finca de la sucesión de su abuelo materno era una enclavada, cuya única vía de acceso a la Carretera 929 era a través de una servidumbre de paso constituida por más de cuarenta (40) años por la finca de la señora Peña Peña. El señor Carrasquillo Delgado quería que se presentara el pleito rápidamente, pues, según él, estaba próximo a vencer el término de cinco (5) años que tenían para impugnar la resolución emitida en el procedimiento sobre expediente de dominio. En dicha entrevista el señor Carrasquillo Delgado no pudo proveerle ningún documento al licenciado Guadalupe Díaz que acreditara que la sucesión de Francisco E. Delgado era propietaria del referido predio colindante. Tampoco produjo, en ese momento, documento alguno que demostrara quiénes eran los herederos que componían la referida sucesión, ni mucho menos la autorización de los mismos para instar la acción pretendida. En esa reunión el licenciado Guadalupe Díaz le informó al señor Carrasquillo Delgado que había que tramitar en el Tribunal de Primera Instancia y obtener resolución sobre declaratoria de herederos de cuatro (4) de los cinco (5) herederos del difunto Francisco E. Delgado, así como conseguir la autorización de los miembros de la sucesión para presentar la acción a su nombre. Finalizando el mes de octubre de 1990, el señor Carrasquillo Delgado le entregó al licenciado Guadalupe Díaz copia de la resolución emitida por el Tribunal de Primera Instancia en el referido procedimiento de expediente de dominio del predio colindante, algunos certificados de nacimiento y otros documentos. No obstante, no había suplido todos los documentos solicitados por este último. Para esa misma fecha, el licenciado Guadalupe Díaz sufrió una recaída en su condición de gota, lo que le impedía subir las escaleras que conducen a su oficina profesional, ubicadas en un segundo piso. El querellante, señor Carrasquillo Delgado, insistía con el licenciado Guadalupe Díaz que presentara el pleito de impugnación pretendido, por lo que éste decidió presentar la demanda a nombre de la sucesión de Francisco Delgado (sin identificar quiénes componían la misma) para interrumpir

cualquier término de caducidad o prescripción que estuviera próximo a cumplirse. Por razón de su problema de salud, el licenciado Guadalupe Díaz se comunicó con el licenciado Ramón Alberto Colón Aponte, quien hacía tres (3) meses que había iniciado la práctica de la profesión legal, y le solicitó, como un favor, que pasara a maquinilla el borrador de la demanda redactado por él y que la presentara en la Secretaría del antiguo Tribunal Superior, Sala de Caguas.

Entre el licenciado Guadalupe Díaz y el licenciado Colón Aponte existen lazos de amistad desde que eran compañeros de estudios en la Facultad de Derecho. Para octubre de 1990, el licenciado Colón Aponte compartía oficina con el licenciado Jaime Corujo Collazo. El licenciado Guadalupe Díaz tenía ubicada su oficina en otro sitio en el Municipio de Caguas. El licenciado Colón Aponte pasó a maquinilla el borrador de la demanda que el licenciado Guadalupe Díaz le había entregado. El único documento que suscribió el licenciado Colón Aponte fue la referida demanda, a petición de su amigo, dada la condición de salud de este último. La dirección postal que contiene la demanda de la parte demandante y los emplazamientos es la del licenciado Guadalupe Díaz, no obstante haber sido suscrita y firmada la misma por el licenciado Colón Aponte. Entre ambos abogados no medió remuneración alguna, no hubo acuerdo alguno sobre honorarios de abogado, sólo un acuerdo entre dos (2) amigos. El señor Carrasquillo Delgado sólo pagó ciento cuarenta dólares ($140) que facturó el emplazador, señor Carlos López, por el servicio de diligenciamiento del emplazamiento, incluyendo los sellos de Rentas Internas que había comprado para la presentación de la demanda. La demanda fue presentada ante el antiguo Tribunal Superior, Sala de Caguas, el 1 de noviembre de 1990 por la sucesión de Francisco Delgado, como parte demandante, sin identificar o especificar quiénes eran los miembros de la misma, ya que el señor Carrasquillo Delgado no había suplido esa información al licenciado Guadalupe Díaz. Le fue asignado el número EAC90-0438.[1] La

---

[1] Dicha acción fue identificada como una de impugnación de cabida, colindancia y reclamación de servidumbre. Las alegaciones de la misma, aunque defectuosas, apuntaban a una acción reivindicatoria y confesoria de servidumbre de paso.

referida demanda fue dirigida contra la señora Higinia Peña Peña como parte demandada.   El 20 de noviembre de 1990 se diligenció el emplazamiento dirigido a la señora Peña Peña, por conducto de su hija de crianza, la señora Carmen R. Arzuaga.

El señor Carrasquillo Delgado nunca contrató o autorizó al licenciado Ramón A. Colón Aponte para que éste lo representara conjuntamente con el licenciado Guadalupe Díaz, en el referido pleito presentado ante el antiguo Tribunal Superior, Sala de Caguas.   El licenciado Guadalupe Díaz admitió que no consultó con el señor Carrasquillo Delgado para que el licenciado Colón Aponte pudiera transcribir y firmar la demanda, pues entendía que no era necesario por ser un favor.

El 10 de diciembre de 1990 la licenciada Ramonita Dieppa González compareció ante el Tribunal de Primera Instancia, a nombre y en representación de la señora Carmen R. Arzuaga, solicitando que se nombrara un defensor judicial a la parte demandada, señora Higinia Peña Peña.   El 3 de enero de 1991, el Tribunal de Primera Instancia nombró a la señora Arzuaga como defensora judicial de la señora Peña Peña.

El 11 de febrero de 1991, el licenciado Guadalupe Díaz presentó una solicitud para que se le anotara la rebeldía a la parte demandada, la cual fue declarada no ha lugar por haberse concedido una prórroga para contestar la demanda.   El 25 de febrero de 1991 se presentó la contestación de la demanda a nombre de la señora Peña Peña.   El 18 de marzo de 1991 la parte demandada presentó una moción de desestimación de la demanda, por carecer de capacidad jurídica la sucesión de Francisco Delgado para comparecer como parte demandante en el procedimiento instado ante el Tribunal de Primera Instancia.   El 3 de abril de 1991, el Tribunal de Primera Instancia le ordenó a la parte demandante que aclarara si su abogado ostentaba la representación legal de todos los miembros de la sucesión y cuál era la composición de la misma.[2]   Le ordenó, además, que debían comparecer todos los miembros de esa sucesión.   El 7 de mayo de 1991, el licenciado Guadalupe Díaz presentó ante

---

[2] La sucesión, como persona jurídica, no existe en nuestro derecho.   Paine v. Srio. de Hacienda, 85 D.P.R. 814 (1962).

el Tribunal de Primera Instancia una moción de prórroga para cumplir con lo ordenado, informándole a ese Tribunal que el señor Carrasquillo Delgado estaba realizando las gestiones correspondientes para conseguir la información.  El Tribunal de Primera Instancia emitió una orden el 16 de mayo de 1991 concediendo lo solicitado, que fue notificada a las partes el 17 de junio de 1991.  La parte demandada sustituyó su representante legal, licenciada Ramonita Dieppa González.  Adviene a tal ministerio la licenciada Anabelle Mojica Alvarado.

El licenciado Guadalupe Díaz le requirió al señor Carrasquillo Delgado, en diversas ocasiones, que le produjera todos los documentos necesarios para presentar las diversas peticiones sobre declaratoria de herederos necesarias, y así poder cumplir con la orden del Tribunal.  El señor Carrasquillo Delgado nunca le entregó al licenciado Guadalupe Díaz la totalidad de los documentos requeridos y necesarios.  No obstante, dicho abogado no informó de tal situación al Tribunal de Primera Instancia.  El señor Carrasquillo Delgado contrató los servicios de otro abogado para tramitar las referidas peticiones sobre declaratoria de herederos.  Declaró que a esa nueva representación legal sí le entregó todos los documentos.  Expresó que sus familiares le han dejado la carga de realizar el trámite de todos los procedimientos de declaratoria de herederos, y que eso cuesta dinero.

El 22 de mayo de 1992 la nueva representación de la señora Peña Peña presentó una solicitud de desestimación de la demanda, al amparo de la Regla 39.2(a) de las de Procedimiento Civil,[3] por haber dejado de cumplir con la orden emitida el 3 de abril de 1991.  Dicha solicitud de desestimación fue declarada no ha lugar.

El 13 de octubre de 1992, el licenciado Guadalupe Díaz presentó una moción al Tribunal de Primera Instancia solicitando se celebrara una conferencia sobre el estado de los procedimientos.  Ese Tribunal emitió orden, en respuesta a dicho escrito, por virtud de la cual le requirió a

---

[3] 32 L.P.R.A. Ap. III, R. 39.2(a).

la parte demandante que justificara la competencia de ese Tribunal, con arreglo a la cuantía y a la materia.

El 26 de mayo de 1993, el Tribunal de Primera Instancia dictó una sentencia desestimando la demanda y decretando el archivo y sobreseimiento al amparo de la Regla 39.2(b) de Procedimiento Civil,[4] por no haberse efectuado trámite alguno dentro de un término de seis (6) meses sin exponer las partes litigantes razón alguna que justificara la inactividad de los procedimientos.[5] Fue archivada en autos copia de la notificación de la referida sentencia el 23 de junio de 1993. No surge de nuestro expediente que se haya solicitado reconsideración de la referida sentencia, ni que se hubiere presentado recurso de apelación contra la misma ante el Tribunal de Circuito de Apelaciones.

Con posterioridad a la sentencia, y aún después de presentada la queja que dio lugar al presente procedimiento disciplinario, el señor Carrasquillo Delgado continuaba visitando la oficina del licenciado Guadalupe Díaz con la intención e interés de que éste lo ayudara a comprar una franja de terreno que discurre por la finca de la señora Peña Peña, y que éste afirma es una servidumbre de paso a favor de la finca de la sucesión de su abuelo materno. El señor Carrasquillo Delgado le manifestó al referido abogado que estaba dispuesto a comprar la finca en su totalidad. El licenciado Guadalupe Díaz coordinó una reunión con el señor Carrasquillo Delgado y la licenciada Juana Caballero Roldán, quien le había prestado servicios profesionales a este último. Dicha reunión fue celebrada en la oficina de la licenciada Caballero Roldán. Como consecuencia de esa reunión, dicha letrada remitió una carta dirigida a la señora Peña Peña, en representación del señor Carrasquillo Delgado y su esposa, ofreciéndole comprar su propiedad en su totalidad.

---

[4] 32 L.P.R.A. Ap. III, R. 39.2(b).
[5] Dicha sentencia fue producida por el incumplimiento del licenciado Guadalupe Díaz con las órdenes del Tribunal de Primera Instancia, por razón de que el señor Carrasquillo Delgado no le produjo los documentos requeridos.

El 11 de abril de 1996, el licenciado Guadalupe Díaz le devolvió al señor Carrasquillo Delgado los documentos que éste tenía en su poder para tramitar los asuntos que le encomendara.

Según la prueba desfilada y estipulada por las partes ante el Comisionado Especial, la finca propiedad de la sucesión de Francisco E. Delgado no es una enclavada, pues la misma tiene acceso a carretera. Se estipuló el hecho de que el señor Carmelo Jesús Carrasquillo Delgado no sufrió perjuicio alguno con el archivo de su caso por sentencia del Tribunal de Primera Instancia, porque al momento de emitirse el informe del Comisionado Especial había estado utilizando el acceso por la finca de la señora Higinia Peña Peña.

El Procurador General formuló querella originalmente contra el licenciado Juan Javier Guadalupe Díaz.[6] Posteriormente fue enmendada para incluir al licenciado Ramón A. Colón Aponte. Consolidamos ambos casos para efectos de su trámite y adjudicación.

En la querella presentada por el Procurador General contra el licenciado Juan Javier Guadalupe Díaz (CP-97-1), se le imputaron los cargos siguientes:

CARGO 1

El licenciado Guadalupe Díaz incurrió en conducta profesional en violación al Canon 18 de los de Etica Profesional, 4 L.P.R.A. Ap. IX, C. 18, al no desplegar el grado de diligencia y efectividad que se esperaba al asumir la representación del señor Carrasquillo Delgado y la Sucesión de Francisco Delgado, y al tramitar la causa de acción presentada ante el extinto Tribunal Superior.

CARGO 2

El licenciado Guadalupe Díaz incurrió en conducta profesional en violación al Canon 19 de los de Etica Profesional, 4 L.P.R.A. Ap. IX, C. 19, al no mantener a su cliente informado del trámite de su caso.

CARGO 3

El licenciado Guadalupe Díaz incurrió en conducta profesional en violación al Canon 27 de los de Etica Profesional, 4 L.P.R.A. Ap. IX, C. 27[,] al asociar al Lcdo. Ramón A. Colón Aponte en la defensa de los intereses de su cliente sin obtener previamente el consentimiento de éste para ello.

CARGO 4

El licenciado Guadalupe Díaz incurrió en conducta profesional en violación del Canon 20 de los de Etica Profesional, 4 L.P.R.A. Ap. IX, C. 20, [al no] renunciar a la representación legal del señor Caraballo ante la alegada falta de cooperación de éste en la tramitación de su caso, el abogado debe renunciar su representación legal de dicho caso. In re: Cruz Tolinche, 112 D.P.R. 699 (1982).

CARGO 5

El licenciado Guadalupe Díaz incurrió en conducta profesional en violación del Canon 17 de los de Etica Profesional, 4 L.P.R.A. Ap. IX, C. 17, ya que el licenciado Guadalupe Díaz no contaba con la información necesaria para corroborar que las alegaciones de la demanda estaban bien fundamentadas al asumir la representación legal de la Sucesión de Francisco Delgado y presentar la demanda.

CARGO 6

El licenciado Guadalupe Díaz incurrió en conducta profesional en violación del Canon 12 de los de Etica Profesional, 4 L.P.R.A. Ap. IX, C. 12, ya que el licenciado Guadalupe Díaz incumplió con las órdenes del Tribunal requiriendo que se mostrara causa en torno a la composición de los miembros de la Sucesión demandante y en torno a la competencia del foro.

Con relación a la querella en contra del licenciado Ramón A. Colón Aponte (CP-97-10) se formularon los cargos siguientes:

CARGO 1

El licenciado Colón Aponte incurrió en conducta profesional en violación al Canon 18 de los de Etica Profesional, 4 L.P.R.A. Ap. IX, C. 18, al no desplegar el grado de diligencia y efectividad que se esperaba al asumir la representación del señor Carrasquillo Delgado y la Sucesión de Francisco Delgado, y al tramitar la causa de acción presentada a nombre de los sucesores ante el extinto Tribunal Superior.

CARGO 2

---

[6] El presente procedimiento disciplinario se inició con la presentación de una queja por parte del señor Carmelo Jesús Carrasquillo Delgado contra el licenciado Juan Javier Guadalupe Díaz.

El licenciado Colón Aponte incurrió en conducta profesional en violación al Canon 19 de los de Etica Profesional, 4 L.P.R.A. Ap. IX, C. 19, al no mantener a su cliente informado del trámite de su caso.

CARGO 3

El licenciado Colón Aponte incurrió en conducta profesional en violación al Canon 27 de los de Etica Profesional, 4 L.P.R.A. Ap. IX, C. 27, al asociarse en la defensa de los intereses del cliente del Lcdo. Guadalupe Díaz sin obtener previamente el consentimiento de éste para ello.

CARGO 4

El licenciado Colón Aponte incurrió en conducta profesional en violación del Canon 20 de los de Etica Profesional, 4 L.P.R.A. Ap. IX, C. 20, al no renunciar a la representación legal del señor Carrasquillo y de los sucesores tan pronto culminó la gestión profesional a la cual se comprometió con el licenciado Guadalupe Díaz, y al no asegurarse que el foro de instancia le autorizaba a renunciar. In re: Siverio Orta, 117 D.P.R. 14, 18 (1976).

CARGO 5

El licenciado Colón Aponte incurrió en conducta profesional en violación del Canon 17 de los de Etica Profesional, 4 L.P.R.A. Ap. IX, C. 17, ya que ni él, ni el licenciado Guadalupe Díaz contaban con la información necesaria para corroborar que las alegaciones de la demanda estaban bien fundamentadas al asumir la representación legal de la Sucesión de Francisco Delgado y presentar la demanda.

Los querellados presentaron sus contestaciones a la querella, respectivamente. El licenciado Guadalupe Díaz presentó Contestación a la Querella el 8 de abril de 1997, admitiendo que durante los seis (6) meses anteriores a la desestimación de la acción no se realizó gestión profesional alguna, justificando dicha inacción en la poca cooperación del señor Carrasquillo Delgado.[7] Sostuvo que sí mantuvo a su cliente, señor Carrasquillo Delgado, informado del trámite del caso, advirtiéndole del riesgo que corría de que la acción fuese archivada por no someterse la información con relación a los integrantes de la Sucesión de Francisco E. Delgado.[8] Alegó que por muchos años ha recibido tratamiento por su condición

---

[7] Contestación a Querella, CP-1997-1, pág. 6.

de gota, sufriendo una recaída mientras preparaba el borrador de la demanda en cuestión. Expresó que su condición de salud le impidió trabajar en su oficina. Además, ante la falta de diligencia del señor Carrasquillo Delgado para entregar los documentos necesarios y ante la posibilidad de que se venciera el término para impugnar la resolución sobre expediente de dominio, le solicitó al licenciado Colón Aponte que preparara, firmara y presentara el documento final de la demanda.[9] Todos los documentos subsiguientes presentados ante el antiguo Tribunal Superior fueron suscritos y firmados por el licenciado Guadalupe Díaz.[10] Adujo, además, que no divulgó al licenciado Colón Aponte confidencias o secretos de su cliente, señor Carrasquillo Delgado.[11] Por otro lado, señaló que las actuaciones de su cliente provocaron la desestimación de la acción,[12] y que si éste hubiese cooperado, otro hubiese sido el curso decisorio. Finalmente, señaló como atenuantes la falta de cooperación de su cliente y su inexperiencia en la profesión de la abogacía, considerando que sólo llevaba dieciocho (18) meses en la práctica.

Precisa señalar, finalmente, que, según el Informe del Comisionado Especial, las partes estipularon el testimonio de la secretaria del licenciado Guadalupe Díaz, señora Mabel Carrasquillo Carrión, a los fines de establecer que el señor Carrasquillo Delgado fue en muchas ocasiones a la oficina de dicho letrado para averiguar sobre el status del caso, y éste siempre le atendía.[13] Además, se estipuló el testimonio de la licenciada Juana Caballero Roldán, a los efectos de que el señor Carrasquillo Delgado sabía que la acción presentada ante el entonces Tribunal Superior había sido archivada.[14]

---

[8] Íd.

[9] Íd., págs. 6-7.

[10] Íd., pág. 7.

[11] Íd.

[12] Íd., pág. 8, citando a In re Cruz Tolinche, 112 D.P.R. 699, 700 (1982).

[13] Informe del Comisionado Especial, pág. 15.

[14] Íd.

Por su parte, el licenciado Colón Aponte aduce que no constituyó negligencia alguna que se incluyera como parte demandante a una sucesión, pues nada impide que una vez iniciado el proceso se identifiquen en el epígrafe los integrantes de la misma.[15] En cuanto a la imputación de que el referido abogado no atendió las órdenes del antiguo Tribunal Superior, a los fines de justificar la competencia de éste, adujo que el Tribunal no le dirigió orden alguna, ni tampoco se le requirió que justificara su comparecencia.[16] Señaló, que no conoció personalmente al señor Carrasquillo Delgado, cliente del licenciado Guadalupe Díaz. No obstante, arguyó que el licenciado Guadalupe Díaz siempre mantuvo informado de todo asunto importante a su cliente.[17] Adujo que nunca estuvo asociado al licenciado Guadalupe Díaz para representar a sus clientes.[18] Manifestó que sólo actuó como testaferro de este último, presentando la demanda en cuestión.[19] Alegó que su única intervención en la acción de impugnación se limitó a suscribir la demanda y presentarla en la Secretaría del antiguo Tribunal Superior. Arguyó, además, que desde el inicio de su carrera profesional, agosto de 1990, visitaba la oficina del licenciado Guadalupe Díaz con la finalidad de solicitarle asistencia en el Tribunal de Primera Instancia en algunos casos criminales.[20] Además, preparaba las planillas de caudal relicto cuando el licenciado Guadalupe Díaz tramitaba peticiones sobre declaratoria de herederos. Finalmente, expresó que la demanda, a base de su conocimiento, información y creencia, estaba bien fundada y tenía mérito. Sin embargo, al momento de incoarse la acción se desconocía la totalidad de las personas que constituían la sucesión de Francisco Delgado. Aludió

---

[15] Contestación a Querella, CP-1997-10, pág. 2, citando las Reglas 15 y 16 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 15 y R. 16, y los casos Santiago v. Beckton Dickinson & Co., 539 F. Supp. 149 (1982) y Ríos Rosario v. Vidal Ramos, 134 D.P.R. 3 (1993).

[16] Contestación a la Querella, CP-1997-10, pág. 2.

[17] Íd., pág. 3.

[18] Íd.

[19] Íd.

[20] Íd., pág. 4.

a la Regla 6 de Procedimiento Civil[21] y al Canon 17, _supra_, arguyendo que estas disposiciones no exigen un conocimiento cabal ni exacto de la información y fundamento de las alegaciones de la demanda.[22] La firma del abogado en una alegación equivale a certificar que la ha leído y que de acuerdo con su mejor conocimiento, información y creencia, está bien fundamentada.[23]

Designamos al licenciado Ramón E. Gómez Colón como Comisionado Especial, quien señaló una conferencia con antelación a vista con el propósito de simplificar las cuestiones litigiosas y evaluar la admisión de prueba documental. Se sometió por las partes un Informe de Conferencia con Antelación a Vista, en el cual se estipularon ciertos hechos y varias piezas de prueba documental.

La vista en su fondo del presente caso se celebró los días 2 y 7 de junio de 1999. Compareció el Procurador General de Puerto Rico, a través del Procurador General Auxiliar, licenciado Sigfredo Rodríguez Isaac; el querellado, licenciado Juan Javier Guadalupe Díaz representado por el licenciado Luis A. Caraballo Álvarez, y el querellado, licenciado Ramón A. Colón Aponte representado por el licenciado Luis E. Laguna Mimoso.

La Oficina del Procurador General presentó prueba oral consistente en el testimonio del señor Carmelo Jesús Carrasquillo Delgado. Comparecieron a declarar a la vista, la señora Maribel Carrasquillo Carrión, secretaria del licenciado Guadalupe Díaz para la fecha de los hechos, y la licenciada Juana Caballero Roldán, quien fuera abogada del señor Carrasquillo Delgado. Ambos testimonios, como expresáramos previamente, fueron estipulados. El querellado, licenciado Guadalupe Díaz, testificó a su favor.

Evaluados los escritos presentados por el Procurador General, las posiciones de los querellados y el Informe del Comisionado Especial, nos encontramos en posición de resolver el asunto ante nos. Veamos.

---

[21] 32 L.P.R.A. Ap. III, R. 6.

[22] Contestación a la Querella, pág. 7.

[23] Íd.

II

Como hemos mencionado previamente, a ambos querellados, licenciados Juan Javier Guadalupe Díaz y Ramón A. Colón Aponte, se les imputó por la Oficina del Procurador General cinco (5) cargos constitutivos de violaciones a los Cánones 17, 18, 19, 27 y 20 de los de Ética Profesional, supra. Al licenciado Juan Javier Guadalupe Díaz se le imputó un cargo adicional constitutivo de violación al Canon 12, supra.

A los fines del análisis, evaluación y discusión de los mismos, comenzaremos con la imputación correspondiente a la violación al Canon 17, supra.

La comparecencia de un abogado ante un tribunal debe equivaler a una afirmación sobre su honor, de que en su opinión el caso de su cliente es uno digno de la sanción judicial. La firma de un abogado en una alegación en un caso equivale a certificar que ha leído la alegación y que de acuerdo con su mejor conocimiento, información y creencia está bien fundada.[24] Se incurre en violación a esta obligación cuando se presenta una demanda sin contar con la prueba necesaria para justificar las alegaciones suscritas en la misma. El proceder de ambos letrados querellados apunta a la violación del Canon 17, supra. Ciertamente, al momento de presentarse la demanda ninguno de los dos querellados tenían la evidencia documental necesaria para sostener quienes componían o constituían la sucesión de Francisco E. Delgado, parte demandante en el caso, y como tal representar sus intereses sobre el inmueble en cuestión.[25] No surge de nuestro expediente que el licenciado Guadalupe Díaz contara con la documentación sobre la cual estuviera fundada su acción confesoria de servidumbre de paso. El licenciado Colón Aponte no contaba con el conocimiento e información necesaria para corroborar que todas las alegaciones de la demanda estuvieran

---

[24] Canon 17, supra; Regla 9 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 9.
[25] In re Rosado Cruz, 142 D.P.R. 956, 962 (1997).

bien fundadas.[26]    La conducta antes descrita constituyó un descargo irresponsable de las obligaciones profesionales de ambos querellados.[27]

De la contestación a la querella presentada por el licenciado Guadalupe Díaz surge que éste le manifestó en la primera entrevista al señor Carrasquillo Delgado de la información y documentación necesaria para poder presentar la demanda de impugnación solicitada.  Surge, además, que éste no tenía, al momento de presentarse la demanda, un cuadro claro del caso, por no haberse entregado por el señor Carrasquillo Delgado los documentos requeridos.  Arguyó que desconocía si estaba por vencer cualquier término de caducidad o de prescripción aplicable a la acción que estaba evaluando presentar en representación de los miembros de una sucesión que no le constaba quiénes la componían.  El licenciado Guadalupe Díaz tenía la obligación ética de informarse adecuadamente del cuadro fáctico y del derecho aplicable al caso que se le presentaba, para descargar responsablemente sus obligaciones profesionales para con su cliente.  Su incumplimiento con la norma jurídica no puede escudarse y mucho menos justificarse con su ignorancia de ellas,[28] o el escaso tiempo que lleva practicando la profesión de abogado.[29]

Por su parte, el licenciado Colón Aponte arguyó que su intervención en este asunto se limitó a suscribir y firmar la demanda y presentarla en la Secretaría del Tribunal de Primera Instancia.  Expresó que visitó al licenciado Guadalupe Díaz en su casa y éste le entregó un borrador de una demanda y le solicitó que la pasara a maquinilla, la firmara y la presentara en el tribunal.  Indicó que no volvió a saber del asunto hasta un tiempo después, por motivo del presente procedimiento disciplinario.

De las expresiones del propio querellado, licenciado Guadalupe Díaz, surge que éste permitió que el licenciado Colón Aponte asumiera la representación profesional de la sucesión de Francisco E. Delgado, y que

---

[26] Íd.

[27] In re Díaz Alonso, Jr., 115 D.P.R. 755, 762 (1984).

[28] Íd., pág. 761; Pueblo v. Miranda Colón, 115 D.P.R. 511 (1984).

presentara la demanda en el antiguo Tribunal Superior, Sala de Caguas, (civil número EAC-90-0438). Admitió que no constató con anterioridad a la presentación de la referida demanda, quiénes eran los miembros de la referida sucesión y no se aseguró que se les incluyera como parte con interés, y, además, de que estuvieran de acuerdo con la presentación de la demanda. Ambos querellados no consideraron que necesitaban la autorización de esas personas para actuar a su nombre y en representación en un tribunal, como miembros de la referida sucesión. Su deber se extendía a constatar quiénes eran los miembros de la sucesión y a recibir su autorización para representarlos en el procedimiento judicial en cuestión. Al actuar en contrario violaron tal deber, pues afirmaron falsamente sobre su honor representar a los miembros de una sucesión que no conocían en su totalidad, ni mucho menos tenían su autorización para ello. El licenciado Colón Aponte no hizo nada para corregir tal anomalía. Suscribió, firmó y presentó la demanda tal y como había sido redactada por el licenciado Guadalupe Díaz.

Concluimos, a tenor con lo antes expuesto, que ambos querellados incumplieron con el deber impuesto por el Canon 17, _supra_.

Veamos, en conjunto, los cargos imputados por violaciones a los Cánones 18, 12, 19, 27 y 20, _supra_.

Es impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente, sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia. Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.[30] El abogado tiene la obligación de mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado.[31] No debe asociar a otro abogado en la defensa de los intereses

---

[29] _In re Rosado Cruz_, _supra_; _In re Méndez Rivera_, 141 D.P.R. 753 (1996); _In re Vera Vélez_, 136 D.P.R. 284 (1996).
[30] Canon 18, _supra_.
[31] Canon 19, _supra_.

de su cliente, sin obtener previamente el consentimiento de éste para ello y hasta entonces no puede divulgar al otro abogado confidencias o secretos de dicho cliente.[32]  Cuando ha comparecido ante un tribunal en representación de un cliente no puede ni debe renunciar la representación profesional de su cliente sin obtener primero el permiso del tribunal y debe solicitarlo solamente cuando exista una razón justificada e imprevista para ello.[33]

Al presentar la demanda bajo su firma, el licenciado Colón Aponte asumió la representación profesional de la sucesión y se responsabilizó de la acción instada.  Los sentimientos de amistad entre ambos letrados no podían interferir con su deber para con la justicia y el buen funcionamiento del sistema judicial.  Una vez el licenciado Colón Aponte firmó y presentó la demanda asumió ante el Tribunal de Primera Instancia la responsabilidad indelegable de llevar a cabo esa gestión profesional con el más alto grado de diligencia y competencia posible.  Este deber no cesaba hasta que ese Tribunal lo relevara, al aceptar su renuncia como representante legal de la parte demandante.  Su responsabilidad profesional para con el Tribunal de Primera Instancia no dependía de las circunstancias bajo las cuales asumió la representación legal de la parte demandante.[34]  No obstante, éste se desatendió del caso.  No cumplió con la responsabilidad profesional que le exige el Canon 18, supra.[35]

El licenciado Guadalupe Díaz también asumió la misma obligación dentro del referido procedimiento ante el Tribunal de Primera Instancia de llevar a cabo una gestión profesional a favor de la Sucesión de Francisco E. Delgado con el más alto grado de diligencia y competencia posible.  No obstante, no realizó en el caso gestión alguna durante más de seis (6) meses, por la falta de cooperación de su cliente, lo que provocó que el Tribunal de Primera

---

[32] Canon 27, supra.

[33] Canon 20, supra.

[34] In re Silverio Orta, 117 D.P.R. 14, 19.

[35] In re Arroyo Rivera, res. el 19 de mayo de 1999, 99 TSPR 78, 148 D.P.R. ___ (1999), 99 J.T.S. 88; In re Rosario, 116 D.P.R. 462 (1985); In re Díaz

Instancia dictara sentencia de archivo y sobreseimiento por inactividad. Abandonó la representación de su cliente. Tampoco surge de nuestro expediente que hubiere solicitado reconsideración a la misma ni presentado recurso de apelación ante el Tribunal de Circuito de Apelaciones. Violó con tal proceder la responsabilidad que le impone el Canon 18, supra.[36]

El licenciado Guadalupe Díaz incurrió en violación al Canon 12, supra, que le impone la obligación a todo abogado de desplegar todas las diligencias necesarias para asegurarse que no se causen indebidas diligencias en la tramitación y solución del caso de su cliente. Tal deber incluye la presentación de la demanda, su rápida contestación, el uso de los medios de descubrimiento de prueba y el cumplimiento cabal con las órdenes dictadas por el tribunal. El licenciado Guadalupe Díaz incumplió con las órdenes emitidas por el Tribunal de Primera Instancia, en relación a la composición de la sucesión demandante y a quiénes de sus miembros representaba. Tal y como indicáramos previamente, no informó a ese Tribunal de la dificultad que enfrentaba por la falta de cooperación de su cliente.[37] Tampoco solicitó del Tribunal la renuncia de representación profesional.[38] Sencillamente se cruzó de brazos frente al Tribunal de Primera Instancia ante la inacción de su cliente. Tal incumplimiento provocó la dilación indebida y produjo el total abandono, sin justa causa, de la litigación del caso que culminó en la desestimación del pleito.

El deber mínimo a ser desplegado por ambos querellados, bajo las circunstancias antes expuestas, era presentar oportunamente una moción de renuncia de representación profesional de la parte demandante. Cuando por razones justificadas un abogado no pueda representar adecuadamente a un cliente, debe renunciar su representación profesional, obteniendo previamente el permiso del Tribunal y tomando aquellas medidas razonables

---

Alonso, Jr., supra; In re Pagán Ayala, 115 D.P.R. 431 (1984); In re Arana Arana, 112 D.P.R. 838 (1982); In re Rodríguez Torres, 104 D.P.R. 758 (1976).

[36] Íd.

[37] Const. Co. v. Tribunal Superior, 103 D.P.R. 844, 846 (1975).

[38] In re Díaz Alonso, Jr., supra.

para evitar perjuicios a los derechos de éste.  La omisión de tal proceder por ambos letrados constituye un craso error de juicio, que implica una violación al Canon 20, _supra_.[39]

Además, concluimos que el licenciado Guadalupe Díaz quebrantó el principio de lealtad y confianza que debe regir toda relación de abogado y cliente, al encomendarle al licenciado Colón Aponte la tramitación inicial de la acción pretendida, sin el conocimiento y consentimiento de su cliente. Tal acción constituye una clara violación a los Cánones 19 y 27, _supra_.  Al hacerse partícipe de lo antes expuesto, el licenciado Colón Aponte faltó por igual a los mismos cánones.[40]

Ni antes ni después de presentada la demanda ninguno de los querellados le informó al señor Carrasquillo Delgado de la necesidad surgida, de que el licenciado Colón Aponte firmara y presentara la demanda como consecuencia de la condición de salud del licenciado Guadalupe Díaz.[41]  Ninguno de los dos querellados le informó de lo ocurrido al Tribunal de Primera Instancia, de forma tal que dicho foro estuviera en posición de tomar medidas cautelares.

Finalmente, hemos establecido que al determinar la sanción disciplinaria aplicable al abogado querellado, podemos tomar en cuenta factores tales como: la reputación del abogado en su comunidad; el previo historial de éste; si es su primera falta; la aceptación de la falta y su sincero arrepentimiento; si se trata de una conducta aislada; el ánimo de lucro que medió en su actuación; resarcimiento al cliente y cualesquiera otras consideraciones ya bien atenuantes o agravantes que medien de acuerdo a los hechos.[42]

---

[39] _Lluch v. España Service Sta._, 117 D.P.R. 729 (1986); _In re Cruz Tolinche_, _supra_; _In re Díaz Alonso, Jr._, _supra_; _Fine Art Wallpaper v. Wolf_, 102 D.P.R. 451 (1974).

[40] _In re Cardona Vázquez_, 108 D.P.R. 6 (1978).

[41] Íd.

[42] _In re Vélez Barlucea_, res. el 26 de octubre de 2000, 2000 TSPR 158, 152 D.P.R. ___ (2000), 2000 J.T.S. 170; _In re Díaz Ortiz_, res. el 29 de febrero de 2000, 2000 TSPR 53, 150 D.P.R. ___ (2000), 2000 J.T.S. 66; _In re Padilla_

En el presente caso tomamos en consideración como atenuantes a favor de los querellados los siguientes: (a) el Comisionado Especial concluyó, según la prueba desfilada y estipulada por las partes, que la finca propiedad de la sucesión de Francisco E. Delgado no es una enclavada, pues la misma tiene acceso a carretera; (b) se estipuló, además, el hecho de que el querellante, señor Carmelo Jesús Carrasquillo Delgado, no sufrió perjuicio alguno por el archivo de su caso, como consecuencia de la sentencia dictada por el Tribunal de Primera Instancia; (c) que el archivo del mismo también fue producido por la desidia, indolencia y falta de cooperación del querellante con su abogado, licenciado Guadalupe Díaz;[43] (d) los hechos demuestran que no hubo mala fe de los querellados, intención de lucro o de engañar al querellante ni a ninguna otra persona; (e) que los querellados han gozado de buena reputación por espacio de varios años desde que fueron admitidos al ejercicio de la abogacía;[44] (f) la poca experiencia profesional de ambos al momento de los hechos; y (g) que esta es su primera falta dentro del descargo de su ministerio profesional en la abogacía.  No obstante tales circunstancias atenuantes, la violación de los querellados a la obligación a que están sujetos por las normas éticas antes aludidas, no es razón para eximirlos completamente de una sanción en este caso.[45]

III

Por los fundamentos antes expuestos, y atendiendo todas las circunstancias de este caso, procede que le impongamos al licenciado Juan Javier Guadalupe Díaz una sanción disciplinaria consistente en una censura, y al licenciado Ramón A. Colón Aponte una amonestación, apercibiéndolos a

---

Rodríguez, res. el 18 de mayo de 1998, 98 TSPR 56, 145 D.P.R. ___ (1998), 98 J.T.S. 57; In re Ortiz Velázquez, res. el 15 de abril de 1998, 98 TSPR 42, 145 D.P.R. ___ (1998), 98 J.T.S. 44; In re Valcárcel Mulero I, 142 D.P.R. 41 (1996); In re Fernández Paoli, 141 D.P.R. 10 (1996).

[43] Nótese que posteriormente contrata a la licenciada Juana Caballero Roldán para gestionar los procedimientos de declaratoria de herederos y le hace entrega de todos los documentos que le requiriera el licenciado Guadalupe Díaz.

[44] El licenciado Juan Javier Guadalupe Díaz trece (13) años y el licenciado Ramón A. Colón Aponte doce (12) años.

ambos de cumplir en el futuro cabalmente con los Cánones de Ética Profesional. Estamos conscientes de que el trámite de la querella y el tiempo transcurrido deben haber hecho meditar profundamente a ambos querellados sobre el alcance de su actuación antiética y servirle esta experiencia para ser más cuidadosos en el descargo de su responsabilidad profesional futura.

Se dictará sentencia de conformidad.

---

[45] In re Vélez Barlucea, supra; In re Rosa Cruz, supra.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

| | | |
|---|---|---|
| Juan Javier Guadalupe Díaz | CP-97-1 | Conducta |
| Ramón A. Colón Aponte | CP-97-10 | Profesional |

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

SENTENCIA

San Juan, Puerto Rico, a 19 de septiembre de 2001.

Por los fundamentos expuestos en la Opinión <u>Per Curiam</u> que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia imponiéndole una sanción disciplinaria al licenciado Juan Javier Guadalupe Díaz, consistente en una censura. Se le impone al licenciado Ramón A. Colón Aponte una amonestación. Se les apercibe a ambos cumplir a cabalidad en el futuro con los Cánones de Ética Profesional que rigen la profesión de abogado.

Estamos conscientes de que el trámite de la querella y el tiempo transcurrido deben haber hecho meditar profundamente a ambos querellados sobre el alcance de su actuación antiética y servirle esta experiencia para ser más cuidadosos en el descargo de su responsabilidad profesional futura.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García no intervino. El Juez Asociado señor Rebollo López no interviene. La Juez Asociada señora Naveira de Rodón y el Juez Asociado señor Hernández Denton concurren, sin opinión escrita.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo