EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Alexis Irizarry Vega<br>(TS-10,707) | 2017 TSPR 166<br><br>198 DPR ____ |

Número del Caso: CP-2015-10

Fecha:    25 de agosto de 2017

Abogado del promovido:

     Lcdo. Aníbal Medina Ríos

Oficina del Procurador General:

     Lcda. Tanaira Padilla Rodríguez
     Subprocuradora General

     Lcda. Yaizamarie Lugo Fontánez
     Procuradora General auxiliar

Materia: Conducta Profesional – La suspensión será efectiva una vez advenga final y firme la Sentencia conforme a la Regla 45 del Reglamento del Tribunal Supremo.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| In re:<br><br>Alexis Irizarry Vega<br>(TS-10,707) | CP-2015-0010 | |

*PER CURIAM*

En San Juan, Puerto Rico, a 25 de agosto de 2017.

El 8 de julio de 2015, la Oficina del Procurador General ("OPG") presentó una querella contra el Lcdo. Alexis Irizarry Vega ("licenciado Irizarry Vega") en la que le imputó la violación de los Cánones 12, 18, 35 y 38 del Código de Ética Profesional, 4 LPRA Ap. IX.

Luego de evaluado el caso de autos, acogemos las determinaciones de hecho de la Comisionada Especial y determinamos que el licenciado Irizarry Vega incurrió en la violación de los Cánones 12, 18 y 38. A continuación, presentamos los hechos que dieron origen a las faltas éticas antes mencionadas.

I

El licenciado Irizarry Vega fue admitido al ejercicio de la abogacía el 4 de enero de 1994 y prestó juramento como notario el 4 de enero de 1995. Este representó al Sr. Efraín Cesáreo Quiñones y a la Sra. Eleida Cesáreo

Quiñones, quienes son hermanos, en un proceso judicial sobre impugnación de herencia, y presentó una demanda con estos propósitos el 11 de enero de 1996. El 14 de marzo de 1996, la parte demandada en ese pleito presentó la contestación a la demanda y una moción de sentencia sumaria en la que solicitaba la desestimación del caso.[1]

El 31 de julio de 1996, el Tribunal de Primera Instancia concedió a los clientes del licenciado Irizarry Vega un término de quince (15) días para contestar la moción de sentencia sumaria. No obstante, una vez transcurrido ese término, el licenciado Irizarry Vega solicitó una prórroga de veinte (20) días adicionales para contestar debido a una alegada enfermedad.

Esta prórroga fue concedida. Sin embargo, el licenciado Irizarry Vega presentó una moción solicitando un término adicional de veinte (20) días, pues sostuvo que la resolución concediéndole la prórroga no le fue notificada dentro del término concedido y que las partes estaban próximas a lograr una transacción.

El 21 de octubre de 1996, el Tribunal de Primera Instancia notificó una sentencia, emitida el 27 de septiembre de 1996, en la que desestimó la demanda como consecuencia de que los demandantes no controvirtieron los documentos presentados por la parte demandada en la moción de sentencia sumaria. Ante esta situación, los hermanos

---

[1] A pesar de la comparecencia de la parte demandada, el licenciado Irizarry Vega solicitó el emplazamiento por edicto de la parte demandada, y posteriormente, solicitó que se les anotara la rebeldía.

Cesáreo Quiñones le solicitaron la renuncia al licenciado Irizarry Vega y este les entregó el expediente sin solicitar ningún remedio post sentencia.

El licenciado Irizarry Vega presentó mociones para solicitar la renuncia a la representación legal el 29 de agosto y el 3 de diciembre de 1997, pero ambas fueron denegadas por no proveer la dirección de sus clientes. Esta no fue provista por el letrado hasta el 26 de enero de 1998.

El 23 de diciembre de 1997, el Tribunal de Primera Instancia, expidió citaciones a los demandantes para una vista de ejecución de sentencia señalada para el 19 de febrero de 1998. El licenciado Irizarry Vega no asistió a la vista a pesar de que el Tribunal de Primera Instancia aún no lo había relevado de la representación legal de los demandantes. No obstante, en esa vista el tribunal aceptó su renuncia.

El 7 de mayo de 2004, la Sra. Eleida Cesáreo presentó una queja ante este Tribunal contra el licenciado Irizarry Vega y otro abogado[2] por sentirse inconforme con la representación legal brindada por estos.

Aunque en un inicio el licenciado Irizarry Vega solicitó que se desestimara la queja, bajo el fundamento de que no había sido contratado por la Sra. Eleida Cesáreo

---

[2] El otro letrado compareció a la vista de ejecución de sentencia del 19 de febrero de 1998 para representar a los hermanos Cesáreo Quiñones como resultado del incidente surgido con el licenciado Irizarry Vega. Lamentablemente este falleció durante el trámite del proceso disciplinario y no es parte del proceso disciplinario en cuestión.

Quiñones, posteriormente admitió haber representado a ambos hermanos y argumentó que actuó diligentemente en todo momento. Conforme a los procedimientos de este Tribunal, referimos el asunto a la OPG. El 28 de octubre de 2005, la OPG presentó su informe sobre la investigación realizada. Posteriormente, el 23 de diciembre de 2013, enmendó su informe y concluyó que el licenciado Irizarry Vega había incurrido en varias violaciones al Código de Ética Profesional,*supra*. El 24 de abril del 2015 ordenamos a la OPG que presentara la querella correspondiente.

El 8 de julio de 2015 la OPG presentó la querella contra el licenciado Irizarry Vega y le imputó los siguientes cargos: (1) los Cánones 12 y 18 al no oponerse oportunamente a una moción de sentencia sumaria, no solicitar remedios post sentencia y no comparecer a la vista del 19 de febrero de 1998; (2) el Canon 35 de Ética Profesional al exponer en su contestación a la queja y otras comparecencias ante este Tribunal hechos que no eran ciertos y (3) el Canon 38 de Ética Profesional, por no exaltar el honor y dignidad de la profesión legal.

Por su parte, el licenciado Irizarry Vega planteó que no pudo contestar oportunamente la moción de sentencia sumaria debido a que sus clientes prefirieron buscar una transacción y no le proveyeron los documentos necesarios. Expuso el letrado que sus clientes lo desautorizaron para continuar la representación legal una vez notificada la sentencia y por ello no solicitó remedios post sentencia

ni compareció a la vista posteriormente. En su contestación, el letrado admitió que olvidó presentar oportuna y adecuadamente la moción de renuncia de representación legal.

En relación a las imputaciones realizadas bajo el Canon 35, *supra*, indicó que no sometió información falsa a este Tribunal y que las discrepancias surgidas entre sus testimonios fueron meros errores ocasionados por el tiempo que había transcurrido desde los hechos.

El 4 de mayo de 2016 nombramos a la Comisionada Especial Hon. Jeannette Ramos Buonomo. Celebrada una vista ante la Comisionada Especial, la OPG y el licenciado Irizarry Vega acordaron someter el caso por sus respectivos expedientes. En la vista el letrado aceptó que algunas de sus actuaciones pudieran constituir faltas éticas y las atribuyó a su falta de experiencia al momento de los hechos.

La Comisionada Especial concluyó que el licenciado Irizarry Vega violentó los Cánones 12, 18 y 38 del Código de Ética Profesional más no así el Canon 35.[3] Con la

---

[3] Informe de la Comisionada Especial, pág. 10. Al respecto la Comisionada Especial indicó:

"El Lcdo. Irizarry Vega aceptó que proveyó cierta información incorrecta durante este trámite disciplinario, según señaló la OPG. Sin embargo, adujo que esto no fue producto de una intención deshonesta sino de errores de memoria consecuencia del tiempo transcurrido desde los hechos y no contar con una copia del expediente del caso. Tras examinar el breve testimonio del letrado, le adjudico credibilidad y concluyo que este no actuó de forma deshonesta ni con ánimo de inducir a error a este Tribunal".

comparecencia del letrado y el informe de la Comisionada Especial procedemos a resolver.

II

El Canon 12 del Código de Ética Profesional, *supra*, impone al abogado el deber de tramitar las causas de su cliente de manera responsable, con puntualidad y diligencia. *In re Nazario Díaz*, 195 DPR 623 (2016). Ese canon dispone lo siguiente:

> Es deber del abogado hacia el tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas. Ello implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución. Sólo debe solicitar la suspensión de vista cuando existan razones poderosas y sea indispensable para la protección de los derechos sustanciales de su cliente.

Consistentemente hemos establecido que la incomparecencia injustificada a las vistas señaladas por el tribunal, así como las actuaciones y omisiones que pongan en riesgo la causa de acción del cliente, son infracciones patentes del Canon 12. *Íd*. Pág. 635; *In re Montalvo Delgado*, 196 DPR __ (2016), 2016 TSPR 223. *In re Valentín Custodio,* 187 DPR 529, 543 (2012). De igual forma hemos señalado que "el deber de ser puntual en el trámite del litigio y desplegar todas las diligencias necesarias frente al tribunal ha de cumplirse por el abogado en todas las etapas del pleito". *In re Nazario Díaz*, supra, pág. 635; *In re Muñoz, Morell*, 182 DPR 738, 750 (2011).

Por su parte el Canon 18 del Código de Ética Profesional, *supra,* impone a todo miembro de la clase togada el deber de defender a su cliente de forma capaz y diligente. *In re Nazario Díaz*, supra, pág. 636. El Canon 18 del Código de Ética Profesional, *supra*, en lo pertinente, indica que:

> Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.

Como hemos expresado, "el deber de diligencia constituye una obligación básica y elemental del abogado hacia su cliente". *In re Pietri Torres*, 191 DPR 482, 488 (2014). Al definir lo que constituye diligencia, hemos mencionado que "implica que el [abogado] realice las gestiones que le fueron encomendadas en momento oportuno, en forma adecuada y sin dilaciones que puedan afectar la pronta solución de la controversia". *In re Morell Bergantiños*, 195 DPR 759, 763 (2016). *Véase In re Amill Acosta*, 181 DPR 934, 940 (2011) *citando a* S. Steidel Figueroa, *Ética y Responsabilidad del Abogado*, San Juan, Pubs. JTS, 2010, pág. 179. En el cumplimiento de este deber, el abogado debe desplegar "en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable". *In re Nazario Díaz,* supra, pág. 636. Igualmente hemos señalado insistentemente que el deber de diligencia profesional es incompatible con la desidia, la

despreocupación y la displicencia en el trámite de un caso. *In re Pietri Torres*, supra, pág. 488.

Existen conductas específicas que contravienen lo dispuesto en el Canon 18, tales como,(1) **no comparecer a los señalamientos del tribunal**; (2) no contestar los interrogatorios sometidos; (3) no informar a las partes sobre la presentación de un perito; (4) desatender o abandonar el caso; (5) permitir que expire el término prescriptivo o jurisdiccional de una acción; (6) **cualquier tipo de acción negligente que pueda conllevar o, en efecto, resulte en la desestimación o el archivo del caso.** *Id.*

También se infringe el Canon 18 al: (1) no responder planteamientos medulares; (2) ignorar ordenes judiciales o administrativas; (3) incurrir en errores crasos; (4) desatender o abandonar el trámite de un caso y (5) **permitir que la acción se desestime sin realizar esfuerzos para evitarlo.** *In re Nazario Díaz*, supra, pág. 637.

Por otro lado, el Canon 35, *supra*, dispone, en lo pertinente, que "[l]a conducta de cualquier miembro de la profesión legal ante los tribunales, para con sus representados y en las relaciones con sus compañeros debe ser sincera y honrada. No es sincero ni honrado el utilizar medios que sean inconsistentes con la verdad ni se debe inducir al juzgador a error utilizando artificios o una falsa relación de los hechos o del derecho". Por lo tanto, "el abogado que provee al tribunal información

falsa o que no se ajuste a la verdad, o que oculte información que deba ser revelada, incumple con este canon". *In re Valentín Custodio*, supra.

Por último, el Canon 38 del Código de Ética Profesional, *supra*, establece que "el abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque al así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia". Es por ello que hemos señalado que "por ser los abogados el espejo donde se refleja la imagen de la profesión, éstos deben actuar con el más escrupuloso sentido de responsabilidad que impone la función social que ejercen". *In re Guemárez Santiago*, 191 DPR 611, 620 (2014).

Refiriéndonos al Canon 38 hemos explicado que la "conducta [de los abogados y las abogadas] no se mide con los mismos parámetros que a un individuo particular". *In re Sierra Arce*, 192 DPR 140, 148 (2014). Por esta razón, los abogados tienen que tomar conciencia de que la confianza pública descansa en su forma de actuar. *In re Rivera Nazario*, 193 DPR 573, 586 (2015).

Por último, cabe señalar que aunque no estamos obligados a aceptar el informe de la Comisionada Especial en un procedimiento disciplinario contra un abogado, de ordinario sostendremos sus determinaciones de hecho, salvo que se demuestre prejuicio, parcialidad o error manifiesto. Esto pues, sus determinaciones fácticas merecen

nuestra mayor deferencia. *In re Vilches López,* 196 DPR __ (2016); 2016 TSPR 208.

Luego de exponer el derecho aplicable, pasamos a analizar si la conducta del licenciado Irizarry Vega en efecto constituyó una violación a los Cánones 12, 18, 35 y 38.

### III

Después de analizar los hechos del caso así como las normas éticas aplicables concluimos que el licenciado Irizarry Vega incurrió en violación a los Cánones 12, 18 y 38. En primer lugar, en cuanto a la violación al Canon 12, el licenciado Irizarry Vega incurrió en dejadez y falta de diligencia en la tramitación de la causa de sus clientes en el proceso de impugnación de herencia. Ejemplo de ello es que no contestó la moción de sentencia sumaria presentada por la parte demandada en el caso a pesar de que el Tribunal de Primera Instancia le había concedido un término adicional para contestarla por este encontrarse enfermo. A pesar de contar con veinte (20) días adicionales al término original de quince (15) días, el licenciado Irizarry Vega no contestó la moción de sentencia sumaria.

Como consecuencia de lo anterior, el Tribunal de Primera Instancia dictó sentencia en contra de los clientes del licenciado Irizarry Vega. A renglón seguido, los clientes se molestaron y le solicitaron la renuncia al licenciado Irizarry Vega una vez le fue notificada la

sentencia. El letrado, inmediatamente, les entregó el expediente e incumpliendo con sus deberes éticos no solicitó ningún remedio post sentencia siendo todavía abogado de la parte. Como resultado de la falta de diligencia del licenciado Irizarry Vega los clientes vieron perdida su causa de acción. Además, letrado se ausentó injustificadamente a la vista de ejecución de sentencia señalada para el 19 de febrero de 1998 a pesar de que el Tribunal de Primera Instancia no había aceptado su renuncia como representante legal de los hermanos Cesáreo Quiñones. Con estas conductas, el letrado violó los cánones 12 y 18 del Código de Ética Profesional, *supra*. Asimismo, con el comportamiento antes reseñado, el licenciado Irizarry Vega faltó al honor y la dignidad de la profesión violando así el Canon 38 del Código de Ética Profesional, *supra*. No obstante, con relación a la posible violación del Canon 35, acogemos las conclusiones de la Comisionada Especial, quien tras examinar el testimonio del letrado concluyó que este no actuó con ánimo de inducir a error a este Tribunal.

Finalmente, la sanción a imponerse por este Tribunal debe tomar en cuenta ciertos factores que hemos establecido jurisprudencialmente. Entre ellos se encuentran: (1) la buena reputación del abogado en la comunidad; (2) su historial previo; (3) si esta constituye su primera falta y si alguna parte ha resultado perjudicada; (4) la aceptación de la falta y su sincero

arrepentimiento; (5) si se trata de una conducta aislada; (6) el ánimo de lucro que medio en su actuación; (7) resarcimiento al cliente y (8) cualesquiera otras consideraciones, ya bien atenuantes o agravantes, que medien según los hechos del caso. *In re Morell Bergantiños*, supra. *Véase In re Mulero Fernández,* 174 DPR 18, 37 (2008). De igual forma, se ha reconocido como un atenuante la falta de cooperación del cliente. *In re Guadalupe Díaz*, 155 DPR 135, 157 (2001).

En primer lugar, debemos señalar como atenuantes que los clientes no le brindaron la documentación necesaria al letrado para poder contestar la moción de sentencia sumaria presentada por la parte demandada. En segundo lugar, el licenciado Irizarry Vega mostró su sincero arrepentimiento por la conducta imputada.

Por otro lado, encontramos serios agravantes a la conducta del licenciado Irizarry Vega. En el pasado este Tribunal ha amonestado y suspendido al letrado por conducta antiética. En *In re Irizarry Vega*, *González*, 151 DPR 916 (2000), suspendimos de la abogacía y la notaría al letrado, por un término de seis (6) meses debido a la violación de los Cánones 29, 35 y 38. Más recientemente, en *In re Irizarry Vega*, 176 DPR 241 (2009), amonestamos al letrado por incumplimiento con el Canon 35 en la tramitación de una apelación ante la Junta de Apelaciones de Casos de Inmigración. En ese caso le apercibimos que su conducta en el futuro debía estar acorde con el honor y la

dignidad de la profesión legal. *Id*., pág. 250. De igual manera le advertimos que en el futuro debía ser más riguroso en la tramitación de sus causas. *Id*. Sin duda, el historial previo del licenciado Irizarry Vega funciona como un agravante. Del mismo modo, el que a sus clientes se les desestimara la causa de acción por su falta de diligencia es un agravante adicional que tenemos que considerar a la hora de imponer la sanción.

Tomando en consideración los atenuantes y agravantes correspondientes determinamos suspender al licenciado Irizarry Vega del ejercicio de la abogacía y la notaría por un término de tres (3) meses.[4]

Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

---

[4] Anteriormente, por violaciones a los Cánones 12, 18 y 38 del Código de Ética Profesional, *supra*, hemos impuesto una sanción de tres (3) meses de suspensión del ejercicio de la abogacía. Véase, *In re Roldán González*, 195 DPR 414 (2016); *In re Miranda Daleccio*, 193 DPR 753 (2015); *In re Pagán Hernández*, 141 DPR 113 (1996).
.

Por último, el Alguacil de este Tribunal deberá gestionar la incautación de la obra y el sello notarial del licenciado Irizarry Vega  y entregarla a la Oficina del Director de Inspección de Notaria para la correspondiente investigación e informe.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | | |
|---|---|---|
| Alexis Irizarry Vega | CP-2015-0010 | |

SENTENCIA

En San Juan, Puerto Rico, a  25 de agosto de 2017.

Por los fundamentos expuestos, suspendemos al licenciado Irizarry Vega del ejercicio de la abogacía y la notaría por un término de tres (3) meses.

Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por último, el Alguacil de este Tribunal deberá gestionar la incautación de la obra y el sello notarial del licenciado Irizarry Vega  y entregarla a la Oficina del Director de Inspección de Notaría para la correspondiente investigación e informe.

Lo acordó y manda el Tribunal y lo certifica el Secretario del Tribunal Supremo.  La Juez Asociada señora Rodríguez Rodríguez concurre con el resultado sin opinión escrita. La Jueza Presidenta Oronoz Rodríguez está inhibida.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo