EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Lcdo. Alfredo Cardona Álvarez | 2020 TSPR 67<br><br>204 DPR \_\_\_\_\_ |

Número del Caso:  CP-2017-2
                  (TS-3627)


Fecha:  3 de julio de 2020


Abogado del querellado:

        Por Derecho Propio


 Oficina del Procurador General:

        Lcdo. Joseph Feldstien Del Valle
        Subprocurador General

        Lcda. Yaizamarie Lugo Fontánez
        Procuradora General Auxiliar

        Lcda. Lorena Cortés Rivera
        Subprocuradora General

        Lcda. Minnie H. Rodríguez López
        Procuradora General Auxiliar


Comisionada Especial:

        Hon. Ygrí Rivera de Martínez


Materia:  La suspensión de la abogacía y la notaría será efectiva el 23 de julio de 2020, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re*<br><br>Lcdo. Alfredo Cardona Álvarez<br>(TS-3627) | **Núm.** CP-2017-0002 |

*PER CURIAM*

En San Juan, Puerto Rico, a 3 de julio de 2020.

En esta ocasión, nos compete suspender del ejercicio de la abogacía a un integrante de la profesión legal por incumplimiento con los Cánones 12, 17, 18, 19 y 20 del Código de Ética Profesional.

**I.**

El Lcdo. Alfredo Cardona Álvarez fue admitido al ejercicio de la abogacía el 24 de noviembre de 1970 y a la práctica de la notaría el 13 de mayo de 1971. El 9 de noviembre de 2015, el Sr. Santos Martínez Ayala (promovente) presentó una queja en contra del licenciado Cardona Álvarez. En ésta, alegó que había contratado al letrado para que lo representara en un caso de daños y perjuicios.[1] Según indicó, su reclamación había sido desestimada con perjuicio luego de que el licenciado Cardona Álvarez no hiciera gestión alguna ante el Tribunal de Primera Instancia.

Específicamente, en la queja presentada se relató que, el 26 de febrero de 2013, el licenciado Cardona Álvarez

---

[1] Del expediente surge que el señor Santos Martínez le pagó la cantidad de $2,000.00 al letrado para que lo representara en el caso.

presentó una moción para asumir la representación legal del señor Martínez Ayala en el caso *Santos Martínez Ayala y otros v. Ermengilda Santiago y otros*, Civil Núm. ISCI2007-0943. El 16 de abril de 2013, notificada el 3 de mayo siguiente, el Tribunal aceptó la representación legal del licenciado Cardona Álvarez y ordenó que los representantes legales de las partes presentaran una *Moción Conjunta* en veinte (20) días para proponer un calendario de trabajo para la continuación del caso.

El 7 de junio de 2013, el licenciado Cardona Álvarez presentó una *Moción en Cumplimiento de Orden* ante el Tribunal de Primera Instancia en la cual indicó que se había comunicado con los demás representantes legales de las partes e informó las fechas que todos tenían disponibles para la Conferencia con Antelación al Juicio. Así las cosas, el 16 de julio de 2013, notificada el 18 de julio, el Tribunal señaló la *Conferencia con Antelación al Juicio* para el 2 de octubre de 2013 a las 9:00 a.m. y ordenó a las partes presentar el Informe en o antes del 20 de septiembre de 2013. El 24 de septiembre de 2013, el licenciado Cardona Álvarez presentó una *Moción Informativa*, en la cual indicó que se había reunido con el licenciado de una de las partes el 17 de septiembre de 2013, pero que a la reunión no habían comparecido los representantes legales de las otras partes.

El 2 de octubre de 2013 se celebró la *Conferencia con Antelación al Juicio* ante el Tribunal de Primera Instancia. A ésta, compareció el licenciado Cardona Álvarez, en representación del señor Martínez Ayala. Surge de la minuta de la referida vista que el licenciado Cardona Álvarez

informó al foro primario que había coordinado una reunión en su oficina, pero que no se pudo hacer nada porque uno de los licenciados de las partes no se personó y había sido difícil entablar comunicación con él. En la vista, el Tribunal concedió a las partes un término de treinta (30) días, vencedero el 4 de noviembre de 2013, para que se reunieran y sometieran una moción conjunta con el calendario para la tramitación del caso.

Más de siete (7) meses después, el 16 de julio de 2014, el tribunal de instancia notificó una resolución mediante la cual le concedió a las partes cinco (5) días para cumplir con lo ordenado en la vista del 2 de octubre de 2013 de someter una moción conjunta. En la resolución, se advirtió a las partes que -de no comparecer- se entendería falta de interés, ya que el caso había estado inactivo por ocho meses. A esos efectos, en la resolución también se apercibió que la incomparecencia acarrearía el archivo del caso bajo la Regla 39.2(b) de Procedimiento Civil. 32 LPRA Ap. V, R. 32. Esta resolución fue notificada a las partes y a sus abogados. Véase *Res. de 11 de julio de 2014*, Civil Núm. ISCI2007-00943.

Transcurrido el término concedido, el 13 de agosto de 2014, el licenciado Cardona Álvarez presentó una *Moción en Cumplimiento de Orden*, en la cual informó había entablado conversaciones para transigir el caso con el representante legal de la otra parte y que el acuerdo que se lograra sería notificado al Tribunal en los próximos veinte (20) días, De no lograrse un acuerdo transaccional, indicó que solicitaría una vista sobre el estado de los procedimientos.

El 18 de agosto de 2014, el Municipio de San Germán, a través de su representante legal presentó una *Moción en Cumplimiento de Orden y Solicitud de Desestimación por inactividad*. En ésta, indicó que desconocía de la orden el 2 de octubre de 2013 y solicitó al tribunal que, conforme a la resolución notificada el 16 de julio de 2014, procediera a desestimar la demanda bajo la Regla 39.2 de Procedimiento Civil, *supra*.

Así las cosas, mediante resolución notificada el 18 de septiembre de 2014, el Tribunal de Primera Instancia concedió el término de veinte (20) días solicitado por el licenciado Cardona Álvarez para presentar una moción conjunta de transacción o solicitar una vista. Dado que el licenciado Cardona Álvarez no presentó su oposición a la solicitud de desestimación presentada por el Municipio, el 27 de octubre de 2014, notificada el 4 de noviembre siguiente, el foro de instancia emitió una resolución dándola por sometida sin oposición.

Finalmente, el 4 de noviembre de 2014, el Tribunal de Primera Instancia notificó una Sentencia mediante la cual concluyó lo siguiente:

> El Tribunal ha dado a la parte demandante amplia oportunidad de comparecer para darle curso a su reclamación, sin embargo, el continuo incumplimiento de la parte demandante con nuestras órdenes, así como su falta de comparecencia para promover la pronta solución de su reclamación ponen de manifiesto su desinterés en la tramitación de la acción.

Véase *Sentencia de 29 de octubre de 2014*, Civil Núm. ISCI2007-00943.

De esta manera, el foro primario desestimó con perjuicio la acción al amparo de la Regla 39.2 (b) e impuso

costas y gastos a favor de la parte demandada. Esta sentencia se notificó al licenciado Cardona Álvarez y al señor Martínez Ayala a sus respectivas direcciones postales. No obstante, la notificación enviada al señor Martínez Ayala fue devuelta por el servicio de correo postal.[2]

A raíz de estos hechos el señor Martínez Ayala presentó la queja que nos ocupa en contra del licenciado Cardona Álvarez. El 21 de diciembre de 2015, el querellado contestó la queja. En ésta, alegó que el testigo que había anunciado el señor Martínez Ayala para el caso había negado las alegaciones en las que descansaba la reclamación de daños y perjuicios y que hubo acercamientos por parte del Sr. Enrique Martínez, hermano del promovente, para que el testigo declarara sobre hechos que no eran ciertos. Añadió que, al percatarse de que toda la prueba documental y

---

[2] Posterior a la desestimación con perjuicio de la reclamación de daños y perjuicios del señor Martínez Ayala, el 28 de enero de 2015, la Supervisora de la Unidad de Cuentas del Tribunal de Primera Instancia remitió una comunicación al licenciado Cardona Álvarez para informarle que se encontraban depositados $3,000.00 por concepto de fianza de no residente en la Secretaría del Tribunal Superior de Mayagüez. El 3 de febrero de 2015, el licenciado Cardona Álvarez, en representación del señor Martínez Ayala, presentó una *Moción de retiro de fondos consignados*, en la cual solicitó el retiro de fondos consignados por la parte demandante al presentar su reclamación en concepto de fianza de no residente. De otra parte, el 13 de marzo de 2015, el Sr. Enrique Martínez Ayala, hermano del señor Martínez Ayala, presentó una Moción por derecho propio para someter comunicación por parte de su hermano que lo autorizaba a recibir el dinero depositado en concepto de fianza de no residente. El 6 de abril de 2015, el Tribunal emitió una Resolución y Orden en la cual ordenó la devolución de la fianza de no residente consignada por el señor Martínez Ayala mediante un cheque a nombre de éste. Ordenó que el cheque se le entregara a su abogado de récord, el licenciado Cardona Álvarez.

testifical que pretendía utilizar el promovente era inapropiada e insuficiente se lo manifestó al hermano de éste y le advirtió que la reclamación no prosperaría. Además, en su contestación señaló que el promovente y su hermano habían acudido a una reunión en su oficina en la que les había informado que no tenían posibilidades de prevalecer y les había entregado el expediente del caso.[3] Indicó que no recordaba la fecha de esa reunión. Asimismo, indicó que había enviado por correo al señor Martínez Ayala el cheque en concepto de fianza de no residente emitido a su nombre y que le había informado a su hermano verbalmente sobre la desestimación de la reclamación. Tampoco pudo precisar la fecha en la que acontecieron estos sucesos.

El 4 de enero de 2016, el señor Martínez Ayala presentó una réplica a la contestación. En ésta, manifestó que el licenciado Cardona Álvarez le había indicado a su hermano

---

[3] En particular, el licenciado Cardona Álvarez expresó lo siguiente sobre esta reunión:

> En una visita del promovente y su hermano a mi oficina donde discutimos los pormenores del caso, específicamente sobre la prueba testifical donde el testigo anunciado (Isidro Morales Cruz) negaba los hechos y manifestaba que el hermano del promovente le había ofrecido dinero para que compareciera como testigo, además la prueba documental no se ajustaba a las alegaciones y mi indignación por lo manifestado por el Sr. Enrique Martínez "de que yo me había vendido con el alcalde quien era mi amigo". El Sr. Enrique Martínez se disculpó por lo dicho.

> Luego de la disculpa del Sr. Enrique Martínez le manifesté que estaba dispuesto a devolverle alguna cantidad de los honorarios cobrados, pero este no aceptó, si no era la suma total por lo que no se habló de cuánto, que si no era la totalidad él procedería de otra forma.

*Contestación a la Queja*, 21 de diciembre de 2015.

que no podría continuar la representación del caso porque estaba realizando trabajos para el alcalde del Municipio y que por esa razón les había entregado el expediente. Añadió que el licenciado Cardona Álvarez nunca se comunicó con él respecto al trámite del caso ni le informó sobre los múltiples incidentes procesales que en última instancia resultaron en la desestimación.

Luego de que se ordenara la presentación de la querella correspondiente, y tras varios trámites procesales, el 12 de abril de 2018 se celebró la vista para determinar el estado del caso. Durante ésta, la Procuradora General Auxiliar informó que se había percatado de que el querellado había presentado su contestación a otra querella que pendía en su contra y que así se lo había informado. Indicó que, en respuesta, el licenciado Cardona Álvarez le había explicado que se había confundido de querella y solicitó el desglose de su contestación para añadirla al otro caso. Además, solicitó un término para contestar la querella correspondiente a este procedimiento disciplinario. Por tal razón, se le concedió hasta el 23 de abril de 2018 para contestar la misma. Debido a esta dilación, se señaló una nueva vista para el 31 de mayo de 2018.

En su nueva contestación a la Querella -presentada el 1 de mayo de 2018- el licenciado Cardona Álvarez planteó, en términos generales, que después de investigar las alegaciones que daban base a la reclamación de daños y perjuicios del señor Martínez Ayala había descubierto que las mismas eran falsas y que no había prueba documental ni testifical para probar el caso. Expuso que le había

comunicado esto al hermano del quejoso y que éste lo había acusado de estar del lado del alcalde del Municipio porque era su amigo. Aceptó, sin embargo, que eso jamás se lo comunicó al Tribunal de Primera Instancia y que debió haber sido más diligente con las órdenes que emitió dicho foro. De otra parte, destacó que su comunicación con el quejoso había sido suficiente porque éste había autorizado a su hermano para que sirviera de intermediario en todo lo relacionado con el caso. Respecto a la solicitud del quejoso de que le devolviera el dinero que le pagó, expresó lo siguiente:

> Advertido al quejoso de que no podía probar su reclamación y ante la exigencia de que le devolviera el dinero que me había pagado y consciente de su situación estuve dispuesto a devolverle parte del dinero recibido y no todo como era su exigencia, explicándole que había hecho gestiones y prestado servicios tales como reuniones con el Lcdo. Dereck Irizarry, representante de la sobrina del quejoso, con el Lcdo. Carlos Díaz, representante del Municipio de San Germán, visitas al cementerio municipal de San Germán, asistir a vistas en el tribunal, radicación de mociones, llamadas telefónicas al hermano del quejoso y a los abogados del caso y reuniones en mi oficina con su hermano y que al descubrir que no había prueba era también parte de mi responsabilidad y deber de desplegar una labor idónea, competente y responsable dentro de los valores y sentido de justicia de manera tal que nadie sea perjudicado innecesariamente y más aún la expresión ofensiva de su hermano de que me había vendido con el alcalde porque era mi amigo y que esa ofensa y falta de respeto nunca la había recibido de un cliente u otra persona.

*Contestación a la querella*, en la pág. 2.

Luego de la celebración de varias vistas, el 27 de agosto de 2018, se celebró la Conferencia con Antelación a la Vista Final. Como parte de dicho informe la Procuradora y el querellado estipularon una serie de hechos y

documentos. La vista en sus méritos se llevó a cabo el 30 de octubre de 2018. Durante la vista, el licenciado Cardona Álvarez reiteró que había sido contratado por el señor Martínez Ayala para la tramitación de un caso fabricado para el que no existía prueba y que así se lo había comunicado al hermano del promovente. Sostuvo que desde que asumió la representación legal en el caso su comunicación había sido con el hermano del señor Martínez Ayala porque este último vivía permanentemente en el estado de Nueva York. Aceptó que no advirtió al Tribunal sobre la fabricación de prueba en el caso, a pesar de que entendió que la reclamación era frívola. Aceptó, además, que previo a dictarse sentencia no le informó a su representado los problemas con la prueba.[4]

Celebrada la vista en sus méritos, se le concedió al licenciado Cardona Álvarez un término de treinta días para presentar un memorando de derecho y a la procuradora un término de 30 días para su réplica, según solicitado. El letrado no presentó su memorando. El 19 de agosto de 2019, la Comisionada Especial presentó su informe. En éste, concluyó que la conducta del licenciado Cardona Álvarez era constitutiva de violaciones a los cánones 12, 17, 18, 19 y 20 del Código de Ética Profesional. El 23 de septiembre de 2019 el caso quedó sometido en los méritos para la consideración de este Tribunal. En virtud de los hechos que

---

[4] Surge del Informe de la Comisionada que, durante la vista, el licenciado Cardona Álvarez no pudo recordar si cuando habló con el demandante en su oficina le informó sobre la Sentencia en el caso y si ya había o no transcurrido el término para apelar.

anteceden y con el beneficio del Informe de la Comisionada Especial y los demás documentos que obran en el expediente, estamos en posición de evaluar la conducta del licenciado Cardona Álvarez.

## II.

Como parte de su poder inherente para regular la profesión legal en Puerto Rico, este Tribunal tiene la responsabilidad ineludible de asegurar que las personas admitidas al ejercicio de la abogacía y la notaría desplieguen sus funciones de manera responsable, competente y diligente. En función de esa responsabilidad, el Canon 12 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 12, impone a los integrantes de la profesión legal el deber de ser diligentes y responsables en la presentación y trámite de los pleitos ante los tribunales. *In re Irizarry Vega*, 198 DPR 1066, 1072 (2017). Este deber exige desplegar todas las diligencias necesarias para evitar dilaciones indebidas en la tramitación y resolución de los casos para los cuales asumen representación legal. En lo pertinente, el Canon 12 dispone lo siguiente:

> Es deber del abogado hacia el Tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación de sus causas. Ello implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución. Sólo debe solicitar la suspensión de vista cuando existan razones poderosas y sea indispensable para la protección de los derechos sustanciales de su cliente.

4 LPRA Ap. IX, C. 12.

Este Tribunal ha determinado que el deber de diligencia consagrado en el Canon 12 es una obligación básica y

elemental de integrantes de la profesión legal hacia sus clientes y que para cumplir con el mismo es necesario que éstos y éstas lleven a cabo las gestiones que le fueron encomendadas de forma responsable, oportuna y adecuada sin dilaciones que puedan afectar la pronta resolución de la controversia. Véase, *In Re: Luis R. Torres Rodríguez,* 201 DPR 1057 (2019); *In re Nieves Nieves*, 181 DPR 25, 35 (2011). Por tal razón, este Tribunal ha expresado que "la incomparecencia injustificada a las vistas señaladas por el tribunal, así como las actuaciones y omisiones que pongan en riesgo la causa de acción del cliente, son infracciones patentes del Canon 12". *In re Irizarry Vega,* 198 DPR, en la pág. 6. Consiguientemente, los profesionales del derecho deben observar estrictamente las órdenes judiciales, pues de no hacerlo están sujetos a sanciones disciplinarias. *In re Nieves Nieves,* 181 DPR, en la pág. 36.

En este caso, el licenciado Cardona Álvarez incumplió reiteradamente con las órdenes del Tribunal de Primera Instancia en el caso para el cual fue contratado por el señor Martínez Ayala. Justamente, este patrón de conducta llevó al foro primario a desestimar la causa de acción presentada. El licenciado Cardona Álvarez aceptó no haber sido diligente en la tramitación del caso y haber incumplido con las órdenes del tribunal de instancia que procuraban adelantar su pronta resolución. Incluso, luego de que se le advirtiera que el caso sería desestimado, el licenciado incumplió con el término provisto por el tribunal para que informase sobre el resultado de las conversaciones transaccionales entre las partes. Además, una vez el

Municipio presentó una solicitud de desestimación por inactividad, el licenciado faltó su deber de comparecer para oponerse. Al así proceder, el licenciado Cardona Álvarez faltó a su deber de realizar las diligencias necesarias para asegurarse de no causar indebidas dilaciones en el caso para el que fue contratado. Lo que es peor, la falta de diligencia del letrado conllevó la desestimación de la causa de acción de su cliente por inactividad. Esta conducta es contraria al deber que impone el Canon 12, *supra*.

Íntimamente relacionado al Canon 12, el Canon 18 de Ética Profesional también exige de los abogados diligencia y competencia en el trámite de casos ante los tribunales. Específicamente, este canon dispone lo siguiente:

> Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que **no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.**
>
> **Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.**
>
> Este deber de desempeñarse en forma capaz y diligente no significa que el abogado puede realizar cualquier acto que sea conveniente con el propósito de salir triunfante en las causas del cliente. La misión del abogado no le permite que en defensa de un cliente viole las leyes del país o cometa algún engaño. Por consiguiente, al sostener las causas del cliente, debe actuar dentro de los límites de la ley, teniendo en cuenta no sólo la letra de ésta, sino el espíritu y los propósitos que la informan. No debe tampoco ceder en el cumplimiento de su deber por temor a perder el favor judicial ni la estimación popular. No obstante, puede asumir cualquier representación profesional si se prepara adecuadamente para ello y no impone gastos ni

demoras irrazonables a su cliente y a la administración de la justicia. Énfasis suplido.

4 LPRA, Ap. XI C. 18.

En el pasado, hemos expresado que un "abogado incurre en una falta al Canon 18 cuando, a pesar de asumir la representación legal de un cliente, demuestra una capacitación inadecuada o presta una atención indebida a la causa encomendada". *In re Roldán González*, 195 DPR 414, 422 (2016). A esos efectos, un abogado no debe asumir la representación legal de un cliente cuando es consciente de que no podrá rendir sus labores con la competencia y diligencia que los estándares más altos de profesionalismo requieren. Así, en el contexto del Canon 18, hemos expresado que, "cuando un abogado acepta la encomienda de representar a una persona y no la ejecuta *adecuada y responsablemente,* incumple con este canon". *In re Rivera Nazario,* 193 DPR, en la pág. 582. En atención a esto, "hemos sostenido, sin ambages, que aquella actuación negligente que pueda conllevar, o que en efecto conlleve, la desestimación o el archivo de un caso, se configura violatoria del citado Canon 18." *In re Nieves Nieves,* 181 DPR, en la pág. 37.

La diligencia a la que alude el Canon 18 comprende realizar "las gestiones que le fueron encomendadas en momento oportuno, en forma adecuada y sin dilaciones que puedan afectar la pronta solución de la controversia". S. Steidel Figueroa, *Ética para juristas: Ética del abogado y responsabilidad disciplinaria,* San Juan, Ediciones SITUM, 2016, en la pág. 221. En reiteradas instancias hemos determinado que las siguientes actuaciones constituyen la

falta de diligencia que el Canon 18 prohíbe: (1) no comparecer a los señalamientos del tribunal; (2) no contestar los interrogatorios sometidos, (3) no informar a las partes sobre la presentación de un perito; (4) desatender o abandonar el caso; (5) permitir que expire el término prescriptivo o jurisdiccional de una acción, (6) cualquier tipo de actuación negligente que resulte en la desestimación o archivo del caso. *In re Irizarry Vega,* supra.

En este caso, el licenciado Cardona Álvarez no solamente incumplió con las órdenes del tribunal, sino que, además, no le informó oportunamente a la parte que representaba que -según su análisis- ésta carecía de evidencia para probar sus alegaciones. Aún luego de concluir que la causa de acción de su representado carecía de méritos el licenciado Cardona Álvarez continuó con la representación legal en el caso y mostró inobservancia hacia las órdenes del tribunal, falta de comparecencia para promover la pronta solución de su reclamación y desinterés en la tramitación del pleito. Esa conducta es claramente violatoria del deber que impone el Canon 18. Como se indicó, en este caso, las actuaciones del licenciado Cardona Álvarez conllevaron la desestimación con perjuicio de la reclamación, así como la adjudicación de costas y gastos en contra de su representado. Sin lugar a duda, pues, los intereses de su cliente se vieron seriamente afectados ante el desinterés y la falta de diligencia mostrada por el letrado.

De otra parte, el Canon 17 de Ética Profesional establece que los abogados deben solicitar el relevo de representación legal cuando se convenzan de que el reclamo para el cual han sido contratados es injustificado. A tales efectos, el Canon dispone:

> Todo abogado debe negarse a representar a un cliente en un caso civil cuando estuviere convencido de que se pretende por medio del pleito molestar o perjudicar a la parte contraria, haciéndole víctima de opresión o daño. Su comparecencia ante un tribunal debe equivaler a una afirmación sobre su honor de que en su opinión el caso de su cliente es uno digno de la sanción judicial. La firma de un abogado en una alegación en un caso equivale a certificar que ha leído la alegación y que de acuerdo con su mejor conocimiento, información y creencia está bien fundada.

> Un abogado deberá solicitar permiso del tribunal para renunciar la representación profesional de su cliente en un caso en litigio cuando se convenza durante el curso del pleito que el mismo es injustificado y que se pretende por medio del proceso molestar o perjudicar a la parte contraria, haciéndole víctima de opresión o daño.

4 LPRA, Ap. XI C. 18.

A lo largo del procedimiento disciplinario en su contra, el licenciado Cardona Álvarez ha reconocido que, luego de evaluar las alegaciones y la prueba en las que su cliente fundamentó su demanda, entendió que se encontraba ante una reclamación inmeritoria. Incluso, el letrado aceptó que llegó a concluir que parte de la prueba había sido fabricada. En ningún momento, sin embargo, solicitó al tribunal ser relevado de la representación legal del señor Martínez Ayala. Por el contrario, optó por incumplir con las órdenes de ese foro y no informar a su cliente sobre los desarrollos del caso. Al momento en que un representante legal escoge ignorar el curso procesal del caso, quebranta

su deber de defender al cliente e infringe el Canon 17 del Código de Ética Profesional. *In re Flores Ayffan,* 170 DPR 126 (2007).

También con relación a la renuncia a la representación legal, el Canon 20 de Ética Profesional establece que

> Cuando el abogado haya comparecido ante un tribunal en representación de un cliente no puede ni debe renunciar la representación profesional de su cliente sin obtener primero el permiso del tribunal y debe solicitarlo solamente cuando exista una razón justificada e imprevista para ello.
>
> Antes de renunciar la representación de su cliente el abogado debe tomar aquellas medidas razonables que eviten perjuicio a los derechos de su cliente, tales como, notificar de ello al cliente; aconsejarle debidamente sobre la necesidad de una nueva representación legal cuando ello sea necesario; concederle tiempo para conseguir una nueva representación legal; aconsejarle sobre la fecha límite de cualquier término de ley que pueda afectar su causa de acción o para la radicación de cualquier escrito que le pueda favorecer; y el cumplimiento de cualquier otra disposición legal del tribunal al respecto, incluyendo la notificación al tribunal de la última dirección conocida de su representado.
>
> Al ser efectiva la renuncia del abogado debe hacerle entrega del expediente a su cliente y de todo documento relacionado con el caso y reembolsar inmediatamente cualquier cantidad adelantada que le haya sido pagada en honorarios por servicios que no se han prestado.

4 LPRA Ap. IX, C. 20.

En el presente caso, el licenciado Cardona Álvarez para todos los efectos renunció a la representación legal del caso sin solicitar ser relevado por el tribunal. Ello, luego de concluir que la reclamación de su cliente presuntamente no tenía méritos. Su incomparecencia y falta de diligencia equivalen una renuncia *de facto* que violenta el Canon 20 del Código de Ética Profesional y que tuvo el

efecto de dejar a su cliente desprovisto de representación legal adecuada en el trámite del pleito. Mientras un tribunal no releve a un abogado de su responsabilidad, "éste tiene el deber insoslayable de realizar su gestión profesional y exhibir el más alto grado de competencia y diligencia posible". *In re Guadalupe Díaz*, 155 DPR 135, 156 (2001).

Finalmente, el Canon 19 de Ética Profesional impone a los integrantes de la profesión legal el deber de mantener informados a sus clientes de todo asunto que surja en el desarrollo del caso al disponer lo siguiente:

> **El abogado debe mantener a su cliente siempre informando de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado.**
>
> Siempre que la controversia sea susceptible de un arreglo o transacción razonable debe aconsejar al cliente el evitar o terminar el litigio, y es deber del abogado notificar a su cliente de cualquier oferta de transacción hecha por la otra parte.
>
> El abogado que representa varios clientes con intereses comunes o relacionados entre sí no debe transigir ninguno de los casos envueltos sin que cada cliente esté enterado de dicha transacción y sus posibles consecuencias.

4 LPRA Ap. IX, C. 19.

Al interpretar este postulado ético hemos afirmado que éste pretende viabilizar una comunicación efectiva entre el abogado y su representado imponiéndole al abogado, no a su cliente, "un deber unidireccional de comunicación continua". *In re Roldán González*, 195 DPR 414, 424 (2016). Hemos determinado que un abogado violenta este canon cuando no informa a su cliente sobre las incidencias del caso o las gestiones realizadas para tramitar la causa de acción

encomendada. *In re Nieves Nieves*, *supra*. La comunicación efectiva entre un abogado y su cliente constituye un componente esencial de la relación profesional. *Id.* Por tal razón, hemos dictaminado que es necesario que la información sobre el desarrollo del caso se brinde directamente al representado y no mediante terceros o intermediarios. *In re Santos Cruz*, 193 DPR 224 (2015); *In re Muñoz, Morell*, 182 DPR 738 (2011). "El abogado no puede delegar en otros lo que le compete o está obligado a realizar como parte de su quehacer ético-profesional". *In re Nieves Nieves*, *supra* en la pág. 424.

El expediente del caso ante nuestra consideración devela un serio incumplimiento por parte del licenciado Cardona Álvarez con su deber de mantener informado a su cliente sobre los pormenores del caso. Incluso, de sus propias comparecencias surge que éste no le informó directamente a su cliente sobre la desestimación con perjuicio del caso y que nunca entabló una comunicación efectiva con su representado. Con toda probabilidad, la oportuna notificación de la desestimación con perjuicio del pleito al señor Martínez Ayala le hubiese permitido a este último tomar una decisión informada para valerse de los recursos de revisión a su disposición. Además, al momento en que el licenciado Cardona Álvarez concluyó que el caso no tenía méritos, así debió informárselo a su cliente para que éste procurara obtener otra representación legal.

## III.

Los hechos y el análisis que anteceden demuestran el incumplimiento del licenciado Cardona Álvarez con los

deberes éticos que imponen los cánones 12, 17, 18, 19 y 20 del Código de Ética Profesional. Un examen cabal del expediente del letrado impide que podamos hacer referencia a atenuantes que operen a su favor. Por el contrario, la indiferencia y falta de interés del querellado en el proceso ante el foro de instancia que originó la querella ante nuestra consideración se reflejó de igual manera en el procedimiento disciplinario llevado en su contra. Ello, al extremo de que presentó una contestación a la Querella con los datos de otra queja que actualmente pende en su contra.

Del expediente profesional del licenciado surge, además, que éste ha sido objeto de sanciones disciplinarias en el pasado por su incumplimiento con los requerimientos de la Oficina de Inspección de Notarías (ODIN) y las disposiciones de la Ley Notarial. *Véase In re Cardona Álvarez*, 133 DPR 588 (1993); *In re Cardona Álvarez*, *per curiam* de 13 de junio de 2018 (imponiendo censura enérgica por desatender requerimientos de la ODIN). Asimismo, actualmente se encuentra paralizado otro procedimiento disciplinario en contra del licenciado Cardona Álvarez. (Queja Núm. AB-2013-0354).

Conforme a los hechos reseñados y los fundamentos esbozados, procede decretar la suspensión inmediata del Lcdo. Alfredo Cardona Álvarez del ejercicio de la abogacía y la notaría en nuestra jurisdicción por un término de tres (3) meses. Se le notifica al licenciado Cardona Álvarez que su fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por tres (3) años después de su terminación en cuanto a actos realizados

durante el periodo en que estuvo vigente. El licenciado Cardona Álvarez tiene el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolver honorarios recibidos por trabajos no realizados e informar prontamente de su suspensión a los foros judiciales y administrativos del País ante los cuales tenga asuntos pendientes. Deberá presentar una certificación a esos efectos dentro de los treinta (30) días siguientes a la notificación de esta Opinión *Per Curiam*, notificando asimismo al Procurador General. El Alguacil de este Tribunal incautará inmediatamente la obra y el sello notarial del abogado de epígrafe para el trámite correspondiente por el Director de la Oficina de Inspección de Notarías.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al señor Cardona Álvarez a través de la oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re*<br><br>Lcdo. Alfredo Cardona Álvarez<br>(TS-3627) | **Núm.** CP-2017-0002 |

SENTENCIA

En San Juan, Puerto Rico, a 3 de julio de 2020.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, procede decretar la suspensión inmediata del Lcdo. Alfredo Cardona Álvarez del ejercicio de la abogacía y la notaría en nuestra jurisdicción por un término de tres (3) meses. Se le notifica al licenciado Cardona Álvarez que su fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por tres (3) años después de su terminación en cuanto a actos realizados durante el periodo en que estuvo vigente. El licenciado Cardona Álvarez tiene el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolver honorarios recibidos por trabajos no realizados e informar prontamente de su suspensión a los foros judiciales y administrativos del País. Deberá presentar una certificación a esos efectos dentro de los treinta (30) días siguientes a la notificación de esta Opinión *Per Curiam*, notificando asimismo al Procurador General. El Alguacil de este Tribunal incautará inmediatamente la obra y el sello notarial del abogado de epígrafe para el trámite correspondiente por el Director de la Oficina de Inspección de Notarías.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al señor Cardona Álvarez a través de la oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo