EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:  Luis Aponte Morales (TS-10,336) | 2023 TSPR 13  211 DPR ___ |
|---|---|

Número del Caso:  CP-2018-0015

Fecha:  30 de enero de 2023

Oficina del Procurador General:

 Lcdo. Isaías Sánchez Báez
 Procurador General

 Lcda. Mabel Sotomayor Hernández
 Subprocuradora General

 Lcdo. Omar Andino Figueroa
 Subprocurador General

 Lcda. Minnie H. Rodríguez López
 Procuradora General Auxiliar

 Lcda. Noemí Rivera De León
 Procuradora General Auxiliar

 Lcda. Yaizamarie Lugo Fontánez
 Procuradora General Auxiliar

Abogada del querellado:

 Lcda. Daisy Calcaño López

Comisionado Especial:

 Hon. Luis R. Piñero González

Materia:  Conducta Profesional – Suspensión del ejercicio de la abogacía por el término de treinta (30) días por violación a los Cánones 9, 12, 17, 18, 20, 35 y 38 del Código de Ética Profesional.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Lcdo. Luis Aponte Morales<br>(TS-10,336) | CP-2018-0015 |
| --- | --- |

*PER CURIAM*

En San Juan, Puerto Rico, a 30 de enero de 2023.

Una vez más nos vemos en la obligación de disciplinar a un miembro de la profesión legal por violar los Cánones 9, 12, 17, 18, 20, 35 y 38 del Código de Ética Profesional. No obstante, en esta ocasión, tenemos la oportunidad de recordarle a la comunidad legal y los profesionales que la componen que este Tribunal toma en consideración la aceptación y el arrepentimiento sincero por las imputaciones realizadas en una queja en su contra al momento de imponer la sanción correspondiente.

I.

El Lcdo. Luis Aponte Morales (en adelante, "licenciado Aponte Morales" o "Querellado") fue admitido al ejercicio de la abogacía el 19 de enero de 1993.

El 2 de septiembre de 2016, la Sra. Margarita Rodríguez Malavé (en adelante, "señora Rodríguez Malavé") presentó una

queja contra el licenciado Aponte Morales. La queja se relaciona con la representación legal que el abogado le proveyó en la acción civil que se instó a causa de un accidente que sufrió el esposo de la señora Rodríguez Malavé en el año 1995, que causó un deterioro en su salud hasta su fallecimiento en el año 2005. Inicialmente, por dicho accidente, se presentó una demanda en daños y perjuicios contra la Autoridad de Carreteras y otros codemandados.[1] Menciona la señora Rodríguez Malavé que, debido a que su esposo se encontraba encamado, le daba seguimiento al caso por teléfono y mediante visitas a la oficina del abogado cuando le era posible.

La señora Rodríguez Malavé alega que el Querellado nunca discutió con ella la Sentencia dictada el 26 de mayo de 2011, contrario a lo expresado por este en un escrito sometido a la Oficina del Procurador General.[2] Apunta que el licenciado Aponte Morales nunca aclaró la razón por la cual el caso había tardado tanto en ser resuelto. Señaló que su esposo fue hospitalizado en varias ocasiones, que sufrió un derrame cerebral que lo mantuvo encamado y que murió sin compensación alguna por los daños que recibió del accidente.

Surge del expediente que el Querellado asumió representación legal en el caso el 18 de octubre de 2001,

---

[1] José A. Martí González y otros v. Autoridad de Carreteras y otros, Civil Núm. GDP1996-0086 en el Tribunal de Primera Instancia, Sala de Guayama.
[2] Véase Comparecencia Especial Solicitando Orden.

luego que el abogado que había instado la demanda hubiera fallecido. El 24 de febrero de 2000, el Estado Libre Asociado de Puerto Rico (en adelante, "ELA") presentó una demanda contra tercero contra Fuentes Contractors, Inc. y Caribbean Petroleum Limited Partnership (en adelante, "Caribbean Petroleum"). El 21 de diciembre de 2001, Caribbean Petroleum presentó una solicitud de paralización de los procedimientos ante su petición de quiebras. A la solicitud de paralización, el licenciado Aponte Morales se opuso mediante escrito en el cual alegó estar próximo a llegar a un acuerdo con Caribbean Petroleum, por lo que desistiría de la demanda en cuanto a éstos haciendo innecesaria la paralización del caso. En la vista que se celebró el 28 de noviembre de 2002, el Querellado indicó haber enviado una oferta de transacción que aún no se había contestado. No obstante, el 30 de junio de 2003, Caribbean Petroleum sometió al tribunal una moción en la que nuevamente solicitó la desestimación de la demanda en su contra debido a su petición de quiebra. Así las cosas, el tribunal concedió un término de diez (10) días a las partes para que cada uno fijara su posición. Empero, el licenciado Aponte Morales no actuó sobre el término concedido.

El 13 de julio de 2004, el Querellado solicitó al Tribunal de Primera Instancia se señalara una vista sobre conferencia con antelación a Juicio. De este modo, el tribunal pautó esta para el 25 de octubre de 2004 pero el

licenciado Aponte Morales no asistió. De la Minuta de la vista y la Resolución que se emitió en dicha fecha surge que el foro primario señaló una vista para el 16 de diciembre de 2004 en la cual se atenderían las mociones pendientes por resolver en el caso, entre ellas las presentadas por Caribbean Petroleum. Sin embargo, nuevamente el licenciado Aponte Morales no asistió a la referida vista. Así pues, el Tribunal de Primera Instancia le concedió al letrado diez (10) días para exponer sus fundamentos por los que no se debía desestimar la causa de acción contra Caribbean Petroleum por no haber radicado el correspondiente *proof of claim* en el caso de quiebra. Finalmente, dado que la parte demandante no sometió escrito alguno, el 22 de febrero de 2005, el foro primario dictó Sentencia Parcial desestimando con perjuicio la causa de acción contra Caribbean Petroleum.

Continuando con el trámite procesal, el 27 de enero de 2006, el licenciado Aponte Morales le informó al foro primario del fallecimiento del demandante, por lo que estaría presentando una moción de sustitución de parte en el caso. De igual forma, informó que la parte demandante y el ELA se encontraban en gestiones conducentes a un posible acuerdo. No obstante, por distintas razones, el Querellado no asistió a las vistas transaccionales señaladas para los días 9 de mayo, 3 de agosto y 1 de diciembre de 2006 y el 6 de julio de 2007. Del expediente del caso no surge que el licenciado Aponte Morales hubiera sometido escrito alguno

solicitando excusas al tribunal por las incomparecencias a las vistas antes mencionadas, o que sometiera evidencia alguna respecto a las causas médicas que su secretaria informó por teléfono al foro primario para excusar sus ausencias.[3] Además, surge de la Minuta de la vista de 6 de julio de 2007, que la abogada de la parte demandada informó al Tribunal de Primera Instancia que el licenciado Aponte Morales no había sometido oferta transaccional alguna para evaluar. Añadió también que hacía más de un año de la muerte del demandante y aún no había realizado la sustitución de parte.

En esta misma fecha, el Querellado presentó la Moción sobre Sustitución de Parte. Sin embargo, el 12 de julio de 2007, el Tribunal de Primera Instancia dictó Orden en la que informó que el escrito de sustitución presentado por el Querellado era uno incompleto por carecer de un certificado de defunción, documentación que acreditara quiénes eran los herederos y la demanda enmendada correspondiente. Así las cosas, ordenó que las partes expresaran por escrito las razones por las que no debía decretarse el archivo del caso. **De este modo, el 30 de agosto de 2007, el foro primario emitió una Sentencia de desestimación sin perjuicio y archivo del caso.[4]** Del expediente judicial no surge que el licenciado Aponte Morales hubiera comparecido para atender

---

[3] Querella, pág. 3.
[4] Expediente judicial GDP1996-0086.

la Orden de 12 de julio de 2007, en la cual se le concedió un término para explicar la falta de trámite en el caso. De igual forma, tampoco surge que el Querellado haya recurrido de la Sentencia emitida.

Así las cosas, el 3 de julio de 2008, a casi un año de la desestimación sin perjuicio del caso, el licenciado Aponte Morales presentó una nueva Demanda.[5] No obstante, el Querellado no compareció a la vista sobre el estado procesal del caso que el foro primario celebró el 11 de marzo de 2009. El Tribunal de Primera Instancia señaló nuevamente el caso para una conferencia sobre su estado procesal para el 20 de mayo de 2009, la cual fue reseñalada para el 22 de mayo de 2009, a petición de la parte demandada. El licenciado Aponte Morales, nuevamente, no compareció a la vista por alegadamente tener un asunto personal que resolver. Por esta incomparecencia, se le impuso al Querellado una sanción de $100 dólares, se emitió una orden de mostrar causa y se señaló otra vista procesal para el 9 de junio de 2009. Nuevamente, tampoco compareció a la referida vista.

El 15 de julio de 2009, el ELA presentó una Moción Solicitando Desestimación al Amparo de la Regla 39.2 de Procedimiento Civil, en la cual indicó que el Querellado no había comparecido a ninguna de las vistas de estatus ordenadas por el tribunal, no había contestado el

---

[5] Expediente judicial GDP2008-0128.

interrogatorio que se le envió el 3 de marzo de 2009, no había solicitado prórroga para contestar el mismo, no había sometido la contestación a éste dentro de los diez (10) días que el tribunal había ordenado, y tampoco había realizado trámite alguno en el caso. Luego de varios trámites procesales, se señaló vista para el 15 de septiembre de 2009 a la que tampoco compareció el Querellado, la cual fue recalendarizada para el 25 de septiembre de 2009. A esta nueva vista sí compareció el licenciado Aponte Morales y solicitó un término de diez (10) días para contestar el interrogatorio, se estableció un plan de trabajo en el caso y se pautó otra conferencia sobre el estado de los procedimientos para el 1 de diciembre de 2009. El 9 de octubre de 2009, el Querellado presentó una Demanda Enmendada.

El 8 de enero de 2010, el licenciado Aponte Morales indicó en la vista que se llevó a cabo que había enviado una oferta transaccional a las otras partes. A esos fines, el foro primario señaló una vista transaccional para el 5 de abril de 2010, a la que el Querellado no asistió y en la que la representación legal del ELA informó que le envió una carta al abogado rechazando la oferta transaccional. Previo a la celebración de la vista, el ELA presentó un escrito al Tribunal de Primera Instancia informando del incumplimiento de la parte demandante con el calendario acordado para el descubrimiento de prueba en el caso. El 15 de junio de 2010,

el foro primario le concedió un término al licenciado Aponte Morales de cinco (5) días para presentar su parte del Informe Preliminar de Conferencia con Antelación a Juicio, puesto que ya el ELA había presentado su parte. El 21 de junio de 2010, Caribbean Petroleum sometió una Moción en Solicitud de Desestimación por Falta de Jurisdicción sobre la Materia, la cual acompañó con copia de la Sentencia Parcial de 22 de febrero de 2005 en el caso GDP1996-0086.

El foro primario señaló la Conferencia con Antelación a Juicio para el 7 de junio de 2010, a la cual no compareció el licenciado Aponte Morales, como tampoco sometió su parte del Informe Preliminar entre Abogados, por lo que el tribunal le impuso una sanción monetaria, y emitió una Orden de Mostrar Causa, concediéndole un término de cinco (5) días por su incomparecencia.

A la vista en su fondo compareció el licenciado Aponte Morales, quien a esa fecha no había cumplido con las órdenes de mostrar causa emitidas y con las sanciones impuestas. En la vista, el Querellado presentó un Informe de Conferencia Preliminar el cual el foro primario examinó e indicó que estaba incompleto. El Querellado adujo que su representada estaba hospitalizada en el área de intensivo, por lo que el foro primario le concedió un término de diez (10) días para que presentara la evidencia médica que corroborara lo anterior. Además, le concedió un término de cinco (5) días para completar el Informe de Conferencia Preliminar y

presentar una moción explicativa en cuanto a las sanciones y órdenes de mostrar causa con las que no había cumplido. El 13 de septiembre de 2010, el tribunal dictó Resolución en la cual ordenó la paralización de los procedimientos ante la solicitud de quiebra de Caribbean Petroleum.

El 29 de septiembre de 2010, se celebró una vista sobre el estado de los procedimientos a la que no asistió el licenciado Aponte Morales. Para dicha fecha, el Querellado no había cumplido con ninguna de las órdenes que el Tribunal de Primera Instancia había emitido. El 19 de abril de 2011, el ELA presentó una Solicitud de Sentencia sobre la cual no realizó expresión alguna el Querellado. El 19 de mayo de 2011, el foro primario dictó Sentencia en la que desestimó la demanda en todos sus extremos con perjuicio. Nuevamente, el Querellado no realizó acto alguno en torno a la Sentencia.

A la luz de los hechos antes descritos, el 24 de febrero de 2017 el Procurador General rindió el informe respecto a la queja AB-2016-0263, en la cual se encontraron violaciones a los Cánones del Código de Ética Profesional, 4 LPRA Ap. IX, por parte del Querellado. Mediante Resolución de 28 de marzo de 2017 y de 26 de mayo de 2017, este Tribunal concedió términos al licenciado Aponte Morales para que reaccionara al Informe del Procurador General. Ante el incumplimiento del Querellado con las órdenes emitidas, dictamos Resolución el 1 de diciembre de 2017, en la cual concedimos un término improrrogable para reaccionar al Informe y para que mostrara

causa por lo cual no se le debía suspender inmediata e indefinidamente por su incumplimiento a las órdenes emitidas. El 21 de diciembre de 2017, el Querellado presentó los escritos en Contestación a Informe del Honorable Procurador General y el Escrito Mostrando Causa del licenciado Aponte Morales. De este modo, mediante Resolución el 18 de enero de 2018, instruimos al Procurador General a presentar la Querella correspondiente.

En su escrito, el Procurador General formuló que el licenciado Aponte Morales incurrió en violación en los siguientes cargos:

**Cargo I al IV**

El licenciado Aponte Morales infringió los Cánones 9 y 12 de Ética Profesional, 4 LPRA Ap. IX C. 9 y C. 12, al desatender las órdenes que el Tribunal de Primera Instancia emitió en distintas ocasiones durante el trámite de los dos casos señalados anteriormente. El Canon 9, *supra*, requiere del abogado el observar hacia los tribunales una conducta que se caracterice por el mayor de los respetos. Como parte de este deber, se exige a los abogados que cumplan pronta y diligentemente las órdenes que emitan todos los tribunales. De otra parte, el Canon 12, *supra*, requiere que el abogado sea puntual en el trámite y presentación de causas, evitando así se causen dilaciones innecesarias en la tramitación y solución del asunto traído a la atención del tribunal.

Surge del expediente judicial del caso GDP1996-0086, que el licenciado Aponte Morales no compareció a un sinnúmero de vistas.[6] Además, el Querellado incumplió con las órdenes emitidas por el foro primario, lo que conllevó a la desestimación del caso por falta de trámite alguno durante más de seis (6) meses, conforme a la Sentencia emitida el 30 de agosto de 2007. En cuanto al caso GDP2008-0128, el licenciado Aponte Morales, nuevamente, no compareció a un número significativo de vistas,[7] incumplió con distintas órdenes del tribunal, así como el pago de las sanciones de las que fue objeto.

El Procurador General además concluye que el Querellado también incurrió en conducta constitutiva de violación a los Cánones 9 y 12, *supra*, al desatender las resoluciones que emitió este Tribunal el 28 de marzo y 26 de mayo de 2017, para que reaccionara al Informe del Procurador General. No es hasta casi transcurridos nueve (9) meses que el licenciado Aponte Morales cumplió con lo requerido. No obstante, para ello tuvimos que dictar una Resolución el 1 de diciembre de 2017, en la que se incluyó una orden para que el letrado mostrara causa por la cual no debía ser suspendido inmediata e indefinidamente de la abogacía por su desatención a las

---

[6] Específicamente, las vistas de 21 de octubre de 2001, 25 de octubre de 2001, 9 de mayo de 2006, 3 de agosto de 2006, 1 de diciembre de 2006, y 6 de julio de 2006.

[7] Específicamente, las vistas de 22 de mayo de 2009, 9 de junio de 2009, 15 de septiembre de 2009, 29 de septiembre de 2009, 5 de abril de 2010, 7 de junio de 2010 y 10 de agosto de 2010.

órdenes emitidas. A su entender, la situación antes descrita, además de demostrar el incumplimiento reiterado del Querellado con las órdenes de este Tribunal, acarreó demoras injustificadas en el trámite del procedimiento disciplinario, lo que constituye violaciones adicionales a los Cánones 9 y 12, *supra*.

**Cargo V**

El licenciado Aponte Morales incumplió con el deber que le impone el Canon 18 de Ética Profesional, 4 LPRA Ap. IX C. 18, al no actuar en protección de los intereses de la persona a la que representaba y al no ser diligente en el asunto que le fue encomendado. Ello es así, debido a que el Canon 18, *supra*, exige a los abogados una gestión diligente y competente. Este Tribunal ha reiterado que el aceptar representar a un cliente y posteriormente no realizar gestiones profesionales adecuadas conlleva irremediablemente a incumplir con los postulados más básicos del Canon 18, *supra*. De igual forma, aquellas actuaciones negligentes que puedan conllevar o que conlleven la desestimación o archivo de un caso, configuran una violación del Canon 18, *supra*. Nótese que la desestimación en ambos casos a los que se refiere la Querella fue resultado de la falta de diligencia demostrada por el letrado.

**Cargo VI**

El licenciado Aponte Morales incurrió en violación del Canon 17 de Ética Profesional, 4 LPRA Ap. IX C. 17, al

presentar la demanda GDP2008-0128 y continuar con la representación de la parte demandante en el GDP1996-0086, por instar un pleito el cual no tenía oportunidad de prevalecer,[8] ya que no tenía prueba para establecer la negligencia. Así también, violó el Canon 17, *supra*, al continuar con el trámite del caso GDP1996-0086 conociendo que no tenía la prueba para continuar con la causa de acción. Este Tribunal ha reiterado en el pasado que se incurre en violación al Canon 17, *supra,* cuando se presenta una demanda sin contar con la prueba necesaria para justificar las alegaciones suscritas en ella. *In re Guadalupe Díaz*, 155 DPR 135 (2001).

**Cargo VII**

También se le imputa al licenciado Aponte Morales incurrir en conducta constitutiva de violación del Canon 20 de Ética Profesional, 4 LPRA Ap. IX C. 20. El Canon 20, *supra*, señala las circunstancias bajo las cuales un abogado debe renunciar a un caso, las medidas que éste debe tomar en protección de los derechos de su cliente y el procedimiento a llevar a cabo. Se ha indicado que una vez el abogado acepta representar a un cliente no puede y no debe renunciar a dicha responsabilidad sin antes obtener el permiso del tribunal y tomar las medidas que sean razonables y necesarias para evitar que se cause un perjuicio a su cliente. Además, se ha determinado que el abogado que no puede atender

---

[8] Conforme a su comparecencia escrita de 31 de octubre de 2016.

adecuadamente los intereses de su cliente y no renuncia a su representación incumple con el Canon 20, *supra*. Acorde con lo expresado por el licenciado Aponte Morales, este conocía las dificultades del caso y que el accidente acaecido se debió a causas imputables a su cliente, por lo que no creía que prevalecería. No obstante, este continuó con el caso, no renunció, y hasta instó una segunda acción civil en la cual no tenía probabilidad alguna de prevalecer.

**Cargos VIII y IX**

Por último, el Procurador General concluyó que el licenciado Aponte Morales incumplió con su deber de sinceridad y honradez que le impone el Canon 35 de Ética Profesional, 4 LPRA Ap. IX C. 35 y de incurrir en conducta contraria a los postulados enunciados en el Canon 38 de Ética Profesional, 4 LPRA Ap. IX C.38. El Canon 35, *supra*, requiere a todo abogado ser sincero y honrado ante los tribunales, para con sus representados y en las relaciones para con sus compañeros de profesión. El Canon 38, *supra*, impone a todo abogado el deber de conducirse de manera que exalte el honor y la dignidad de la profesión evitando en todo momento el incurrir en conducta impropia y/o en la apariencia de conducta impropia. En los hechos a los que se refiere el presente caso, el licenciado Aponte Morales no fue sincero ni honrado al contestar la queja AB-2016-263, ya que ofreció una representación sobre el resultado del caso GDP1996-0086 que no se ajustaba a la realidad de los hechos. El Querellado

señaló que "lo más que pudo lograr fue una desestimación sin perjuicio del caso", guardando silencio sobre el hecho de que la desestimación se dio como resultado de su falta de diligencia. Debemos resaltar también, que el Querellado incumplió con su deber de defender diligente y oportunamente los intereses de su cliente, incurrió en conducta altamente reprochable al desatender las órdenes del tribunal y de sus constantes y reiteradas ausencias a las vistas, incumpliendo así con el Canon 38, *supra*.

Así pues, el 1 de abril de 2022, mediante Resolución, designamos al Hon. Luis Roberto Piñero González, Ex Juez del Tribunal de Apelaciones, en calidad de Comisionado Especial para que rindiera un Informe con las determinaciones de hechos y recomendaciones que estimara pertinentes en el caso de autos. El Comisionado Especial citó a las partes el 19 de mayo de 2022 a una Conferencia con Antelación a la Vista. De este modo, la Lcda. Daisy Calcaño y el Cuerpo de Procuradores del Colegio de Abogados y Abogadas de Puerto Rico, asumieron la representación legal del Querellado.

Así las cosas, mediante Contestación a la Querella y Notificación de Pago sobre Mitigación, el licenciado Aponte Morales nos informó que luego de un proceso de introspección sobre este proceso disciplinario y por tener en alta estima a la señora Rodríguez Malavé le remitió a esta un cheque de gerente por la suma de cinco mil ($5,000) dólares. Aclaró que nunca recibió depósito alguno de la señora Rodríguez

Malavé y que cubrió todos los gastos de litigio en ambos casos. El Querellado expresó haber querido desistir del caso, pero continuó con el mismo por solicitud de la señora Rodríguez Malavé. Dispone que siempre estuvo a la disposición de la señora Rodríguez Malavé para atender sus inquietudes y dialogar sobre el caso. Añade que en su carrera de 29 años siempre ha gozado de buena reputación y que esta ha sido una situación aislada. Para sustentar su buena reputación y carácter sometió diversas declaraciones juradas de colegas y clientes. En estas se acredita que el licenciado Aponte Morales goza de una excelente reputación personal y como abogado en la comunidad de Caguas, que es una persona honesta, seria, responsable y solidaria. Además, acreditar que es un abogado diligente y comprometido con las causas que representa. Acepta que esta conducta no volverá a repetirse en el futuro pues reconoce que lo más importante en situaciones como esta es el cumplimiento con la ética profesional.

Luego de celebrada la Conferencia con Antelación a la Vista, las partes acordaron que no existía ninguna controversia sobre la ocurrencia de las acciones y omisiones del Querellado. Esto surge pues el licenciado Aponte Morales había admitido la comisión de los hechos y omisiones según se relacionan en la Querella, mientras manifestó su total arrepentimiento por lo ocurrido, a la vez que hizo un recuento de sus 29 años de ejercicio profesional en beneficio

de los mejores intereses de sectores vulnerables y marginados de la Comunidad de Caguas. En consideración a todo lo anterior, las partes acordaron que se hacía innecesaria la celebración de una vista evidenciaria. Por ello entendían que el único aspecto a determinar es si procede aplicar los atenuantes al Querellado conforme a la normativa y jurisprudencia aplicables. El 2 de junio de 2022 compareció la señora Rodríguez Malavé y dispuso haber recibido el cheque de $5,000 enviado por el licenciado Aponte Morales como una aceptación de sus disculpas por los inconvenientes surgido durante su contratación profesional.

Así las cosas, el Comisionado Especial en su Informe, le otorgó entera credibilidad al arrepentimiento mostrado por el licenciado Aponte Morales sobre sus omisiones éticas y recomienda a este Tribunal tomar en consideración la existencia de atenuantes e imponer una sanción proporcional a las faltas éticas objeto del presente procedimiento.

## II.

El Canon 9, *supra*, codifica el deber de todos los abogados de observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. *In re Meléndez Mulero*, 208 DPR 541 (2022); *In re Stacholy Ramos*, 207 DPR 521 (2021); *In re Nazario Díaz*, 198 DPR 793 (2017). De tal forma, la desatención reiterada con las órdenes del tribunal constituye una violación al Canon 9, *supra*. *In re Rivera Rodríguez*, 202 DPR 1026 (2019). Asimismo, la

naturaleza de la función de los abogados requiere una escrupulosa atención y obediencia a las órdenes de los tribunales. Íd.; *In re López Santiago*, 199 DPR 797 (2018). "A tales efectos, el profesional legal que asuma una actitud de dejadez y menosprecio a las órdenes tanto de este Tribunal como a [los requerimientos] del Procurador General infringe el Canon 9 de Ética Profesional [...]". *In re Carmona Rodríguez*, 206 DPR 863, 869 (2021).

Por otra parte, el Canon 12, *supra*, establece el deber de los letrados hacia los tribunales, sus compañeros, las partes y los testigos, de ser puntuales en su asistencia y ser concisos y exactos en el trámite y presentación de las causas. Como parte de este deber ético, es responsable de realizar todas las diligencias necesarias para asegurarse que no cause demoras indebidas en el trámite de las causas de acción que se les encomiende. *In re Lugo Quiñones*, 206 DPR 1 (2021). En el pasado, hemos sentenciado que este canon le impone el deber de tramitar las causas encomendadas de manera responsable, puntual y diligente, así como de cumplir estrictamente con nuestras órdenes. *In re Bermúdez Tejero*, 206 DPR 86 (2021).

En cuanto al Canon 18, *supra*, este impone a todos los abogados el deber de defender los intereses de su clientela de forma capaz y diligente. Hemos expresado que en la profesión de la abogacía no existe espacio para que los miembros de la profesión actúen con indiferencia, desidia,

despreocupación, inacción y displicencia en la tramitación de un caso que le ha sido encomendado. *In re Cuevas Borrero,* 185 DPR 189 (2012). Del mismo modo, el aceptar representar a un cliente y posteriormente no realizar gestiones profesionales adecuadas conlleva a incumplir con los postulados más básicos del Canon 18, *supra*. *In re Cotto Luna*, 187 DPR 584 (2012). Sobre este particular, este Tribunal ha sostenido en repetidas ocasiones que toda negligencia por parte de un abogado que conlleve el archivo o la desestimación de una causa de acción constituirá una violación al referido canon. *In re Torres Rodríguez,* 201 DPR 1057, 1068 (2019).

En el pasado hemos dispuesto que la comparecencia de un abogado ante el tribunal equivale a una afirmación sobre su honor de que, a su juicio, el caso de su cliente es digno de un remedio judicial. *In re Radinson Pérez*, 204 DPR 522, 539 (2020). Por consiguiente, al suscribir un escrito judicial, el abogado certifica que leyó y que, conforme a su juicio, información y conocimiento, está bien fundado. *In re Guzmán Guzmán*, 181 DPR 495, 509 (2011). Consecuentemente, actúa en contravención del Canon 17 de Ética Profesional, *supra*, todo abogado que presente un escrito con alegaciones falsas o que carecen de prueba necesaria para sustentarlas.

De igual forma, el Canon 35 del Código de Ética Profesional, supra, impone a los miembros de la profesional legal el deber de conducirse con integridad, sinceridad y

honradez ante los tribunales, para con sus representados y en las relaciones con sus compañeros. *In re Maldonado De Jesús*, 2022 TSPR 6, 208 DPR __ (2022); *In re Ramírez Salcedo*, 196 DPR 136, 149 (2016). No es una defensa, en estos casos, el que no se haya obrado de mala fe, deliberadamente, o sin la intención de engañar, como tampoco lo es que no se haya causado daño a un tercero. *In re Nieves Nieves*, 181 DPR 25, 41-42 (2011). Por otro lado, para actuar de conformidad con el mandato de este canon, es indispensable que los abogados se aseguren de no proveer información falsa o incompatible con la verdad y de no ocultar información cierta que deba ser revelada. *In re Ortiz Sánchez*, 201 DPR 765, 781 (2019). De esta forma, todo abogado tiene la ineludible obligación de ajustarse a la fidelidad de los hechos, tanto en su gestión profesional como en sus gestiones personales.

Por último, el Canon 38, *supra*, dispone que los abogados deben esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, además de evitar la apariencia de conducta profesional impropia. *In re Stacholy Ramos*, supra; *In re Radinson Pérez*, 204 DPR 522 (2020). Como hemos resuelto anteriormente, desatender varias órdenes de los tribunales, con el efecto directo de que se desestime la causa de acción del cliente, es contrario a los principios que el Canon 38, *supra*, persigue proteger. *In re Stacholy Ramos*, supra.

Con estos preceptos en mente, examinemos la conducta desplegada por el licenciado Aponte Morales.

III.

Hemos sido enfáticos que, al determinar la sanción disciplinaria que se le impondrá a un abogado que haya incurrido en conducta contraria a los cánones de ética profesional, se tomará en consideración la buena reputación del abogado en la comunidad, su historial previo, si es su primera falta, si ninguna parte se ha visto perjudicada, si se trata de una conducta aislada, el ánimo de lucro que medió en su actuación, si hubo resarcimiento al cliente, y cualesquiera otras consideraciones, ya sean atenuantes o agravantes, que medien con relación a los hechos de la querella. *In re Hernández González*, 188 DPR 721, 729 (2013).

El Comisionado Especial en su Informe señala varias instancias atenuantes que pesan en el caso ante nos. Se presentaron varias declaraciones juradas de colegas y clientes que disponen la buena reputación del licenciado Aponte Morales y su servicio a la comunidad. Lo describen como una persona honesta, seria, responsable y solidaria, además de ser un abogado diligente y comprometido con las causas que representa. El Querellado dejó claro que no había cobrado por los servicios que le había brindado a la señora Rodríguez Malavé e incluso, por los malestares que pudo haberle causado su representación, le hizo llegar un cheque de cinco mil ($5,000) dólares. Por ello se establece que no

medió ánimo de lucro. Además, el licenciado Aponte Morales aceptó que incurrió en infracciones éticas y prometió que un evento como este no volvería a ocurrir. En sus 29 años de carrera profesional este ha sido solo un evento aislado puesto que no surgen de su expediente quejas previas.

IV.

En mérito de lo antes expuesto y de los hechos probados ante el Comisionado Especial, concluimos que el licenciado Aponte Morales faltó a los deberes impuestos por los Cánones 9, 12, 18, 17, 20, 35 y 38 de Ética Profesional, supra. Sin embargo, consideramos positivamente que el letrado ha gozado de buena reputación dentro de la profesión legal por más de 29 años y que durante ese período nunca se había enfrentado a un procedimiento disciplinario. Además, destacamos que el licenciado Aponte Morales aceptó los hechos que se le imputaron y que durante el procedimiento se mostró arrepentido por su conducta.

Examinado el Informe del Comisionado Especial, el historial profesional del letrado, los atenuantes presentados y por entender que los hechos que dieron curso a la presente querella persistieron por demasiados años, se suspende al licenciado Aponte Morales por un término de treinta (30) días.

En consecuencia, se le impone al señor Aponte Morales el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles, y devolverles

cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar de su suspensión a cualquier foro judicial o administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de suspensión dentro del término de treinta (30) días contados a partir de la notificación de la presente Opinión Per Curiam y Sentencia.

Notifíquese personalmente esta Opinión Per Curiam y Sentencia al Sr. Luis Aponte Morales por la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Lcdo. Luis Aponte Morales<br><br>(TS-10,336) | CP-2018-0015 | |

SENTENCIA

En San Juan, Puerto Rico, a 30 de enero de 2023.

Por los fundamentos expuestos en la *Per Curiam que antecede* y luego de examinado el Informe del Comisionado Especial, el historial profesional del letrado, los atenuantes presentados y por entender que los hechos que dieron curso a la presente querella persistieron por demasiados años, se suspende al Lcdo. Luis Aponte Morales por un término de treinta (30) días.

En consecuencia, se le impone al señor Aponte Morales el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar de su suspensión a cualquier foro judicial o administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de suspensión dentro del término de treinta (30) días contados a partir de la notificación de la presente Opinión Per Curiam y Sentencia.

Notifíquese personalmente esta Opinión Per Curiam y Sentencia al Sr. Luis Aponte Morales por la Oficina del Alguacil de este Tribunal.

Lo acordó y manda el Tribunal y lo certifica el Secretario del Tribunal Supremo. Los Jueces Asociados señores Rivera García y Colón Pérez no intervinieron.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo